PAUL BROTHERS, *et al.*, *Appellants*, v. LONG BRANCH AND LAKESIDE SPECIAL ROAD AND BRIDGE DISTRICT, AND R. L. DOWLING, McL. CONOLY AND M. W. GRIFFISS, AS MEMBER OF AND CONSTITUTING THE BOARD OF SUPERVISORS OF SAID DISTRICT, *Appellees*.

Opinion Filed June 5, 1922.

Petition for Rehearing Denied July 5, 1922.

Chapter 8888, Acts of 1921, purporting to create a Special Road and Bridge District in Clay County is so arbitrary and oppressive in the tax burdens it imposes upon the lands in the district for road purposes that it is a palpable abuse of the police and taxing powers of the State, that will inevitably deprive the land owners of their property in violation of the State and Federal Constitution, which makes the entire act invalid and unenforceable.

An Appeal from the Circuit Court for Clay County; George Couper Gibbs, Judge.

Reversed.

*Axtell & Rinehart* and *Gov. Hutchinson*, for Appellants;

*McCollum & Clark*, for Appellees.

PER CURIAM.—This suit was brought under the statute to validate $1,000,000.00 of 6% bonds designed to be issued for the construction of roads in a district under Chapter 8888, Acts of 1921, which purports to create and establish the Long Branch and Lakeside Special Road and Bridge District in Clay County, Florida. The validity of the statute is challenged. An appeal was taken from a decree rendered by the Circuit Judge validating the bonds.

It appears by the Act that the district comprises about 150,000 acres of land which it is shown was in 1920 assessed at $353,920.00. The provisions of the Act are too voluminous to be set out here.

Even if Chapter 8888 does not contain distinct and unrelated provisions upon more than one subject and matter properly connected therewith in violation of Section 16, Article III, of the Constitution, and does not violate Sections 20 and 21, Article III of the Constitution in the provisions regulating the practice of courts of justice, if not also in other provisions, it is obvious that the essential provisions of the Act are so arbitrary and oppressive as tax burdens upon property of small value considered with reference to the multiplied enormous special assessment authorized to be made against it, as that the statute is a palpable abuse of the police and taxation powers of the State that will inevitably deprive the land owners of their property in violation of the State and Federal Constitutions. This makes the entire Act invalid and unenforceable.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.

On Petition for Rehearing.

PER CURIAM.—The opinion herein was rendered upon the case as presented and the decree reversing the final decree below has relation to the record upon which the decree is predicated. As the decree below was based on the pleadings without evidence as to questions of fact that may be properly raised on the pleadings, the reversal of the decree enables the parties to present and contest any issues of fact that may be appropriate in the case. The necessary effect of the decision of this court is that there was error in sustaining exceptions to the answers that set up matters affecting the constitutionality of the special Act involved in the litigation.

Language in the petition for rehearing that is manifestly improper will be regarded as eliminated.

Rehearing denied.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.