W. J. HOWEY COMPANY, *et al.,* v. B. A. WILLIAMS, as Tax Collector, *et al.*

195 So. 181
Opinion Filed February 23, 1940

416

*Thos. B. Adams, Duncan, Hamlin & Duncan,* for Appellant;

*J. W. Hunter, Harry P. Johnson* and *Robert J. Pleus, D. C. Hull, Hull, Landis & Whitehair,* for Appellees.

PER CURIAM.—Petitioners brought a suit in equity seeking to enjoin county officers in Lake County from imposing and collecting ad valorem taxes upon lands of plaintiffs included in overlapping road and bridge districts and other taxing units, and praying direct and incidental relief predicated upon detailed allegations challenging the legality of the tax sought to be imposed and collected, together with other allegations relative to various elements of relief sought by plaintiffs, including relief as to the alleged illegality in the contracts and resolutions for issuing refunding bonds.

On motions of defendants the court struck many sections of the bill of complaint and denied the injunctive relief sought. An interlocutory certiorari was granted by this Court under Rule 34 adopted April 30, 1039.

This case was submitted to this Court along with the case of Dodge Taylor v. B. A. Williams, as Tax Collector, *et al.* Many of the questions presented are common to both cases

and those discussed by this Court may be found in one or the other of the opinions in the two cases this day filed.

It is in effect contended that road and bridge district taxation is not lawfully authorized and also that the public roads for which taxes are levied by the districts are State roads; and that because of the now established policy of the State to pay for roads that have been taken over by it in the road and bridge districts, the lands in the districts cannot now lawfully be taxed by the districts to pay bonds issued by the districts for constructing the roads which have been taken over by the State as a part of the State system of public roads and made a State expense.

The 1930 amendment to Section 6, Article IX of the Constitution recognizes the existing status establishing and authorizing the establishment of districts, and expressly regulates future issues of district bonds and refunding bonds. This in effect approved the statutory policy of the Legislature authorizing local districts with bond and taxing authority for duly authorized district purposes. See Taylor v. Williams, filed with this opinion. Lee v. A. C. L. Ry. Co., filed January 2, 1940.

The Constitution commands that "no tax shall be levied except in pursuance of law." Section 3, Article IX. Such quoted organic provision does not require taxes to be "levied by law," but to be levied "in pursuance of law." While statutes may and do directly levy taxes in some cases, yet as a general rule statutes are by the Constitution either required or authorized to provide for levying taxes. See Sections 2 and 5, Article IX; Sections 6, 8 and 10, Article XII.

The uniformity of taxation required by the Constitution relates to uniformity in each of the many taxing units severally in the State, and does not require collective uniformity of taxation for *all* taxation units, viz., ad valorem

taxation for State purposes must be uniform throughout the State, for county purposes throughout the county, and for district purposes throughout the district, each severally. See Hunter v. Owens, 80 Fla. 812, 86 So. 839; Charlotte Harbor & Northern Ry Co. v. Welles, 78 Fla. 227, 82 So. 770, 260 U. S. 8, 43 Sup. Ct. 3, 67 L. Ed. 100.

In taking over roads constructed by counties and districts to become State roads or a part of State highway system of roads, the statutes do not obligate the State to pay any county or district road bonds; and do not affect the obligations of the counties and districts to pay the interest and principal of the bonds issued by the counties and districts respectively for the construction of the roads so taken over by the State. See Secs. 1, 8 and 20, Chap. 14486, Acts of 1929. Lawful ad valorem taxes levied, or that under statutory requirements should have been levied, and assessed and collected in the counties and districts respectively, to pay such road construction bonds as are binding obligations, may be duly enforced whether the State does or does not meet its obligations to the counties and districts for roads taken over for State purposes and made the subject of State expense. See State *ex rel.* Gillespie v. Carlton, 103 Fla. 810, 138 So. 612.

The fact that, in some road and bridge districts in the State, payments being made by the State to such districts for roads built by the district and taken over by the State have met the bond obligations of the districts so that no ad valorem taxes are being levied in such districts for bond paying purposes, does not relieve from such taxation the districts which do not receive enough from the State to pay their bond indebtedness. The bond debt is a district debt and not a State obligation or expense, though payment by the State for the roads taken over for State purposes be-

comes a subject of State expense under the statutes and the Constitution.

The policy of establishing overlapping districts for the acquisition or maintenance of local public facilities or improvements may be unwise and may cause hardships or injustice in particular cases but that is a matter of legislative discretion and judgment not remediable by the courts unless and until it is duly shown that such overlapping of districts directly violates organic law or operates to deprive persons of property rights in violation of the Constitution. No such violation of organic law is shown by the petitioner. See Charlotte Harbor & Northern Ry. Co. v. Welles, 78 Fla. 227, 82 So. 770, 260 U. S. 8, 43 Sup. Ct. 3, 67 L. Ed. 100.

When overlapping road and bridge districts are duly authorized and established, and each district issues bonds according to statutory authority and for the construction of roads in the districts severally, such bonds are not illegal, nor are the obligations of the districts to pay the bonds as contracted illegal because of the overlapping districts or because of actual or prospective payments to the districts for roads constructed by the districts and taken over by the State.

Changes in legislative policies relative to public road construction and maintenance when no provision of the Constitution is thereby violated, and contributions by the Federal government to such construction or maintenance, do not affect the contract obligations of county and district bonds that have been duly authorized and issued, and the proceeds used for public road construction, and the bonds have not been paid. This is so even though the State may be obligated to pay for such roads as a State expense as and when they are by statute taken over by the State and thereby made a State purpose and expense, rendering it

the duty of the Legislature, under Section 2, Article IX of the Constitution, to "provide for raising revenue sufficient to defray the expenses of the State for each fiscal year," including payment for roads made a State expense. State bonds cannot legally be issued to pay for roads constructed by the counties and districts and taken over by the State; but provision may be made for raising revenue annually to pay any and all State expenses, including amounts or installments that should reasonably be paid for roads taken over by the State for State purposes. When funds are duly allocated and appropriated by the State to the counties and districts to pay for roads constructed by them and taken over by the State, such funds when duly allocated and appropriated for such purpose become county or district funds for specific purposes to be used only as statutes may provide.

In Nashville, Chattanooga & St. Louis Ry. Co. v. Walters, 294 U. S. 405, 53 Sup. Ct. 486, 79 L. Ed. 949, cited for the petitioners, the question was the proper exercise of the police powers of the State under changed conditions of highway construction and maintenance requiring expensive elimination of grade crossings. One-half of the expense was by statute definitely put upon the railroad companies. This was held to be an undue burden in view of the greater immediate benefits accruing to the public by reason of the requirements of the State and nation for modern highways to accommodate high-speed commercial and personal transportation on the State and national system of highway. No contract obligations or rights were involved.

In this case the districts under statutory authority issued bonds for public road construction purposes. If the State has taken over the roads, that does not relieve the districts of their bond contract obligations. The State has not as-

sumed the districts' debts incurred in building the roads; but the statute expressly provides:

"It is hereby declared that all bonds heretofore issued by any County or Special Road and Bridge District, and outstanding at the time of the passage of this Act (June 21, 1929) and issued for the purpose of obtaining funds to pay for the construction of roads or roads and bridges, and all refunding bonds which have been issued by any County or Special Road and Bridge District for the purpose of retiring bonds originally issued for the purpose of constructing roads or roads and bridges, shall remain obligations of said Counties or Special Road and Bridge Districts respectively, and each of said Counties or Districts shall be legally liable for the full amount of its bonds so issued by it outstanding, together with interest thereon until paid." Sec. 8, Ch. 14486, Acts of 1929; Sec. 2470 (8) C. G. L. Suppl. See also Secs. 1 and 20, Ch. 14486; State *ex rel.* Gillespie v. Carlton, 103 Fla. 810, 138 So. 612.

Under the general Act, road and bridge districts are authorized, not required, to be established for the construction of good roads for the benefit of the citizens, residents and taxpayers of the districts.

The law contemplates that all official authority, duties and functions shall be exercised and performed by duly commissioned officers; the delegation of official authority, duties or functions by officials to non-officials is not permitted by the laws of the State.

If taxes are levied in a district for district road bond purposes when the Board of Administration reports to the proper officials that no such levy is needed in view of the gas tax money apportioned to the district for such bond payments, such levies may not be enforced if duly challenged. See Lee v. A. C. L. Ry. Co., filed January 2, 1940.

Other questions need not be discussed in disposing of the matters that are essential to a determination of this cause after a conclusion that the taxes complained of are not shown to be illegal and that the proposed refunding bonds and the resolution for their issue do contain illegal provisions which must be eliminated as stated in the opinion in the companion case of Dodge Taylor v. Williams, filed herewith, in which opinion the contract made for refunding the bonds is held to be not within the laws of this State.

For the reasons stated writ of certiorari is awarded and the challenged orders are quashed.

So ordered.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J. concur.