## CITY OF VERO BEACH v. RITTENOURE INV. CO.

### No. 1907.

Circuit Court of Appeals, Tenth Circuit.

June 27, 1940.

Rehearing Denied Aug. 9, 1940.

Austin M. Cowan, of Wichita, Kan., and Robert J. Pleus, of Orlando, Fla. (Charles A. Mitchell, of Vero Beach, Fla., and C. A. McCorkle, W. A. Kahrs, and Robert H. Nelson, all of Wichita, Kan., on the brief), for appellant.

C. H. Brooks and Wayne Coulson, both of Wichita, Kan. (Howard T. Fleeson, of Wichita, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

The City of Vero Beach, Florida, is a municipal corporation. On January 18, 1935, it had an outstanding bonded indebtedness of more than $1,400,000, with an interest rate varying from six to eight per cent. On this date, appellee, The Rittenoure Investment Company, submitted a written proposal to appellant for the refunding of its outstanding indebtedness, which proposal was as follows:

"Gentlemen: The undersigned proposes to work out for the City of Vero Beach, Florida, as its fiscal agent and representative a refinancing and refunding of its outstanding debt, to include all bonds and time warrants of said city, and all judgments and indebtedness for which tax levies have been ordered to be made pursuant to writs of mandamus, all of which totals approximately the sum of $1,500,000. All of said obligations be refunded by exchanging the said obligations par for par of principal for refunding bonds of the City of Vero Beach, Florida, to be general obligations of said city and an unlimited ad valorem tax pledged to the payment thereof for both principal and interest; all maturing and to become due forty years from the date of issuance and to bear interest at the rate of one per cent per annum for the first five years, two per cent per annum for the next five years, three per cent per annum for the next ten years, four per cent per annum for the next ten years and five per cent per annum for the next ten years; said bonds to be exchanged for refunding bonds to have intact all interest coupons not matured as of date of exchange.

"We agree to effect the exchange of said refunding bonds and have the said refunding bonds printed, duly validated and to bear all cost of same, for which at the time of exchange the City of Vero Beach is to pay us $2.50 per thousand so exchanged.

"We are also to receive from the holders thereof all delinquent coupons from City of Vero Beach bonds and time warrants as of date of exchange, out of which we are to receive as compensation for our services in connection herewith the sum of $25.00 per thousand of bonds exchanged, the same to be paid in cash out of the sale of said delinquent interest coupons, and all overplus from said delinquent coupons we agree to pay over to the City of Vero Beach, to be placed in the sinking fund account of said bonds, and also to place said coupons for sale to the taxpayers of said city for their use in the payment of delinquent taxes and/or assessments against property therein at and for the sum of 12½ cents on the dollar for a period of one year from the time the refunding under this agreement is finally consummated and 15 cents on the dollar for a period of one year thereafter.

"The City Council of the City of Vero Beach will cause a sinking fund to be created for the retirement of the principal of said bonds at maturity, consisting of any and all cash settlements of delinquent taxes as of January 1st, 1935, and improvement assessments and the sale of any real estate owned by said City in what is known as McAnsh Park Subdivision, and also beginning with the eleventh year of said refunding issue will levy each year thereafter a tax calculated to produce, together with the other items in the sinking fund, a sum sufficient to retire said bonds at maturity thereof. Retirement of said bonds as to principal to be by redemption in numerical order and/or by purchase at the lowest market price available at any time,

and the funds in the sinking fund account to be used for either purpose.

"It is understood and agreed that the City of Vero Beach by virtue of this proposition does not and will not incur in any manner any obligation other than that expressly stipulated herein and that no act of the undersigned will in any manner bind or obligate said City, except in strict accordance with the provisions of said writing.

"The undersigned agrees that it will have in its hands for refunding 75 per cent of each class of the indebtedness of said city to be refunded hereunder by October 1, 1935, and that should it fail to so do that this agreement will then terminate and be at an end and the city's liability cease thereunder, but that if said 75 per cent of each class of the indebtedness so to be refunded shall have been obtained by the undersigned on or before October 1, 1935, then said agreement shall continue until the entire indebtedness shall have been refunded in accordance herewith.

"The Rittenoure Investment Company,
     "By (Signed) L. Rittenoure."

This written proposal was accepted by appellant January 18, 1935. It was subsequently extended by resolution to April 1st, 1936, but nothing came of the proposal. Appellee was unable to carry out the proposed refinancing provisions of the agreement and an action was filed by appellant in the United States District Court for the District of Kansas, Second Division, seeking damages for breach of contract.

The third amended petition set forth the proposal, its acceptance, and the failure of appellee to carry out the provisions of the proposal, and alleged that had appellee had in its hands for refunding 75% of each class of the outstanding bonded indebtedness, as agreed in the proposal, by October 1, 1935, or April 1, 1936, a refunding to that extent could have been effected on said dates, and that by the failure of appellee to carry out its proposal, appellant continued to be obligated to pay the original rate of interest on the 75% of its outstanding indebtedness, whereas had said agreement been carried out, the interest rate would have been reduced to two per cent. It was alleged appellee's failure to perform its agreement damaged appellant to the extent of $115,000, together with six per cent interest thereon.

To this petition appellee demurred, stating as ground therefor that it failed to state a cause of action. The demurrer was sustained on the theory that the accepted offer was merely a proposal to attempt to work out a refunding of the outstanding bonds and did not constitute a binding contract. Appellant elected to stand on its petition, whereupon judgment was entered dismissing the petition with prejudice. From this ruling an appeal has been taken to this court.

A number of assignments of error are urged for consideration. The conclusion we have reached makes unnecessary a detailed consideration of the assignments of error that are urged by appellant.

In Taylor v. Williams, Fla., 195 So. 175, 180, decided February 23, 1940, the Supreme Court of Florida had before it for consideration a contract substantially the same as the one we have here. It held the contract void and unenforceable. The court said:

"The law does not contemplate or permit the appointment of a foreign corporation representing 'the holders of a substantial portion of the outstanding bonds' as fiscal agent for the county or districts in managing or controlling any of the official functions involved in the issuing of refunding bonds. The contract of August 7, 1939, provides:

" 'That first party (R. E. Crummer & Company) shall defray all expenses incident to: (a) assembling and exchanging the bonds herein proposed to be refunded;

" '(b) printing the said refunding bonds;

" '(c) the representation of Second party (the county commissioner) in legal proceedings to validate said refunding bonds;

" '(d) obtaining the approving opinion of nationally recognized bond counsel upon the procedure to be used for the issuance and validation of said Refunding Bonds, said counsel to be selected by First party;

" '(e) all other expense in connection herewith which may be approved by First Party.' "

The instant contract likewise designated a foreign corporation, Rittenoure Investment Company, fiscal agent for the City of Vero Beach for the purpose of refinancing the outstanding indebtedness of the City. It also contemplated that on or before the ensuing October such agent would represent the owners of 75% or more of each class of the outstanding indebtedness of the City. It further provided that appellant should have the refunding

bonds printed, duly validated, and bear all costs of the same. The contract here, in the main, is essentially the same as the one held invalid by the court in the Taylor case, supra. The ruling of the Supreme Court of Florida is controlling in the present case. Since the contract was not binding upon the city, it lacked mutuality and therefore the city may not maintain an action for its breach.

The invalidity of the contract for want of authority of the City to execute it was not presented to the trial court, nor was it presented here at the time of argument. In fairness to the trial court and to counsel here, it should be noted that the case of Taylor v. Williams, supra, was decided after the case was submitted to this court. While the decision of the trial court is predicated on erroneous grounds, the conclusion reached is nevertheless correct, and a judgment which is correct in result will not be disturbed on appeal, even though founded upon erroneous reasons. Sanderson v. Postal Life Ins. Co., 10 Cir., 72 F.2d 894; Ohio Casualty Ins. Co., v. Marr, 10 Cir., 98 F.2d 973; North American Accident Ins. Co. v. C. F. Tebbs, 10 Cir., 107 F.2d 853.

The judgment is affirmed.