## HARDEE COUNTY v. R. E. CRUMMER & CO.

District Court, S. D. Florida, Tampa Division.

July 15, 1943.

O. K. Reaves and Doyle E. Carlton, both of Tampa, Fla., and W. W. White-hurst, of Wauchula, Fla., for appellant.

Joseph P. Lea,.Jr., of Orlando, Fla., for appellee.

BARKER, District Judge.

Order.

This cause came on to be heard on July 7, 1943 on motion of the defendant to dismiss the amended complaint, and the matter was argued by counsel for the respective parties. It appears to the court (1) that the amended complaint falls directly within the scope of the cases as condemned in Taylor v. Williams, 142 Fla. 402, 195 So. 175, Howey & Co. v. Williams, 142 Fla. 415, 195 So. 181, 183; City of Vero Beach v. Rittenoure, 10 Cir., 113 F. 2d 269, and Bradford County v. Nuveen, 5 Cir., 133 F.2d 169; (2) that the contract on which this action is based imposes no duty on the defendant to exchange all the original indebtedness into non-optional refunding bonds, the contract is clear that the defendant had only a privilege until June 16, 1942 to make exchanges, and that on June 16, 1942, or within one week thereafter, it became the duty of the plaintiff, if it desired that the then unexchanged original indebtedness be converted into refunding bonds, to offer the new refunding bonds for sale at public auction, and at which sale the plaintiff, under the contract, agreed to make a bid for such bonds; and (3) the amended complaint shows on its face that the plaintiff has not performed this condition precedent in that it did not offer the bonds for sale, so that the defendant could submit a bid thereon.

It is thereupon ordered, adjudged and decreed that the amended complaint be and the same is hereby dismissed, and that the plaintiff go hence without day. The costs of the case are assessed against the plaintiff.

Done and ordered in Chambers at Tampa, Florida this 15th day of July, A. D. 1943.