### JAY v. CHICAGO BRIDGE & IRON CO. et al.

### No. 3042.

Circuit Court of Appeals, Tenth Circuit.
June 27, 1945.

248

A. H. Nebeker, of Salt Lake City, Utah (Robert L. Judd, Paul H. Ray, and S. J. Quinney, all of Salt Lake City, Utah, on the brief), for appellant.

Daniel C. Smith, of Chicago, Ill. (Walker B. Davis, of Chicago, Ill., and E. C. Jensen, of Salt Lake City, Utah, on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Perry A. Jay, an employee of Midwest Piping and Supply Company, sustained personal injuries in the course of his employment at Geneva, Utah. He elected to take compensation benefits under the Workmen's Compensation Act of the state, Utah Code 1943, 42—1—1 et seq.; the insurance carrier for Midwest Piping and Supply Company commenced the payment of compensation benefits in accordance with the Act; and the payments were accepted. Jay executed a written instrument in which it was recited that he elected to take the compensation benefits, and that because the injuries resulted from third-party negligence he assigned to the insurance carrier any cause of action he might have against the third party; and the insurance carrier executed a written instrument reciting that it assigned, transferred, and set over to Jay its right, title, and interest in and to any cause of action which it might hold by virtue of the assignment from him and also by virtue of the right of subrogation. Jay later brought this suit against Chicago Bridge & Iron Company, and Fred C. Jacobs, its agent and employee, to recover damages. It was alleged in the complaint that the negligence of the defendants was the proximate cause of the injuries. Answers and replies were filed, and defendants then interposed a motion for judgment on the pleadings, or in the alternative, for the dismissal of the action. The court dismissed the action without prejudice. For convenience, reference will be made to the parties as they appeared in the trial court.

The action was dismissed for prematurity. The basis on which the court rested the dismissal was that there was no cause of action against the defendants until the amount of the compensation due under the Workmen's Compensation Act had been paid in full. Section 42—1—58, Utah Code Annotated 1943, provides: "When any injury for which compensation is payable under this title shall have been caused by the wrongful act of another person not in the same employment, the injured employee, or in case of death his dependents, may at their option claim compensation under this title or have their action for damages against such third person; and, if compensation is claimed and awarded, the employer or insurance carrier having paid the compensation shall be subrogated to the rights of such employee or his dependents to recover against such third person; provided, if such recovery shall be in excess of the amount of the compensation awarded and paid, then such excess, less the reasonable expenses of the action, shall be paid to the employee or his dependents. Before being required to pay any compensation or other benefits as provided in this title the employer or insurance carrier may require the employee or in case of death his dependents to make a written assignment of any cause of action existing against the third person to such employer or insurance carrier as the case may be." In Johanson v. Cudahy Packing Co., 101 Utah 219, 120 P.2d 281, it was held that payment of compensation by the employer or the insurance carrier, within the purview of the stat-

ute, meant payment in full of the award; and that the insurance carrier could not maintain the action until payment in full had been made. That case was undisturbed in its controlling effect at the time the court below dismissed this action, and it was expressly followed. But the controversy involved in that case was again reviewed on appeal; and, expressly departing from the earlier conclusion, it was held that payment in full of the compensation award was not a condition precedent to the maintenance of an action against a third party whose negligence was the proximate cause of the injury or death. Johanson v. Cudahy Packing Co., Utah, 152 P.2d 98. It therefore is clear that under the law of Utah as last enunciated by the supreme court of the state, the dismissal of this action on the ground of prematurity was improvident.

Endeavoring to sustain the judgment, defendants assert that plaintiff assigned to the insurance carrier that part of his cause of action which had not already been transferred to it by subrogation; that the attempted assignment from the insurance carrier to plaintiff was without effect; and that therefore plaintiff was not the real party in interest vested with the right to maintain the action. As already indicated, the trial court rested its judgment on a different basis, but it is well settled that a judgment which is correct in ultimate effect will not be disturbed on appeal although the trial court relied upon a wrong ground or gave an untenable reason for its action. Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224; J. E. Riley Investment Co. v. Commissioner of Internal Revenue, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36; Sanderson v. Postal Life Insurance Co., 10 Cir., 72 F.2d 894; Ohio Casualty Ins. Co. v. Marr, 10 Cir., 98 F.2d 973, certiorari denied 305 U.S. 652, 59 S.Ct. 245, 83 L.Ed. 422; North American Accident Insurance Co. v. Tebbs, 10 Cir., 107 F.2d 853, certiorari denied 309 U.S. 678, 60 S.Ct. 717, 84 L.Ed. 1022; City of Vero Beach v. Rittenoure Investment Co., 10 Cir., 113 F.2d 269, certiorari denied 311 U.S. 710, 61 S.Ct. 316, 85 L.Ed. 461; Utah Copper Co. v. Railroad Retirement Board, 10 Cir., 129 F.2d 358, certiorari denied 317 U.S. 687, 63 S.Ct. 258, 87 L.Ed. 551.

The motion for judgment on the pleadings, or in the alternative for dismissal of the action, admitted all matters well pleaded in the complaint. That rule is too well established to warrant extended discussion. By the terms of section 42—1—58, supra, on payment of the compensation due plaintiff under the Workmen's Compensation Act, the insurance carrier became subrogated to his right to recover against the defendants, with the condition that in the event of recovery of an amount in excess of that awarded and paid as compensation, the excess, less the reasonable expenses of the action, be paid to him. And by the further terms of the statute, the insurance carrier had the right before payment of any compensation to require plaintiff to assign to it the cause of action against the defendants. Therefore, the assignment from plaintiff to the insurance carrier was authorized by statute. But the cause of action was not generally assignable. Johanson v. Cudahy Packing Co., Utah, 152 P.2d 98.

It is to be borne in mind that it was not the legislative purpose in the enactment of section 42—1—58, supra, to create a shield for a third party tort-feasor. It was not intended to limit or proscribe the liability of such a wrongdoer. It was designed solely to permit an employer or insurance carrier who pays compensation in accordance with the Act to participate in the recovery had from the third party tort-feasor, the participation being limited to the amount of the compensation paid plus the costs of collecting from the wrongdoer. And the only concern of the third party is that he be effectively protected against double suit for the same wrong, that is to say that the suit be brought in the name of the real party in interest and that all those having an interest in the subject matter of the litigation be bound by the judgment. Johanson v. Cudahy Packing Co., Utah, 152 P.2d 98.

Since section 42—1—58, supra, provides that any excess in the recovery over the amount of compensation awarded and paid as compensation shall be paid to the injured employee, or in case of his death to his dependents, plaintiff has an interest in the subject matter of the action. His interest is the right to the excess. And where the insurance carrier effectively waives its right to bring the action against the third party whose negligence was the proximate cause of the injuries, the injured employee, or in case of his death his

dependents, may maintain the suit to enforce the right. Johanson v. Cudahy Packing Co., Utah, 152 P.2d 98.

■ The latter instrument denominated assignment made reference to the former, and the two are to be considered together. The latter did not effectively assign the cause of action back to plaintiff. Johanson v. Cudahy Packing Co., Utah, 152 P.2d 98. But it certainly amounted to a waiver or disclaimer of the right of the insurance carrier to institute and control the action and to a consent that plaintiff institute and control it—for the benefit of the insurance carrier to the extent of the recovery equal in amount to the compensation paid, and for the benefit of himself for any excess. The judgment rendered in the action will protect the defendants against a subsequent suit by the insurance carrier to recover damages for the same wrong. Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203. And that is the extent of the protection to which they are entitled. Johanson v. Cudahy Packing Co., Utah, 152 P.2d 98.

The judgment is reversed and the cause is remanded.