THOMAS, Acting Chief Justice:
We are reviewing a decision of the Dis- ’ trict Court of Appeal, Third District, rendered 18 October 1966 in a tax dispute i which was first entertained by the Circuit Court of Dade County pursuant to the pro- I vision of Sec. 196.01, Florida Statutes, F.S.A., empowering courts in chancery to adjudicate cases involving the legality of taxes, assessments and tolls. Challenged were the taxes for the year 1965 on certain properties situate in the City of Opa-locka.
Gist of the attack on the taxes assessed against the land was that the plaintiff’s lessees had used the property for agricultural purposes during the tax year 1965 and the city had failed to tax it as required by Sec. 193.11(3), F.S.A., which resulted in an assessment at about $3000 per acre instead of $340, as plaintiff contended.
The chancellor dismissed the bill; the District- Court of Appeal affirmed. The controversy reached us on the certification of the District Court of Appeal that a question of great public interest had been determined.
The petitioner-landowner contends that error was committed because the city should have assessed the land as agricultural land in obedience to the provision of Section 72 of its charter, Chapter 29347, Laws of Florida, Special Acts of 1953. Turning to that section we find the provision that “general laws of the State of Florida upon the subject of taxation shall apply to and govern in the assessment, levy and collection of taxes in the City of Opa-locka * * * except as herein otherwise provided.” (Italics supplied.)
The exception lends emphasis to the provisions of Section 69 of the charter where the commission is empowered to adopt reasonable classification of property for taxation purposes and prescribe that utilities and “property of a peculiar nature or designated or used for a special purpose, may be assessed * * * either: (1) at its fair market value, or (2) at its fair value for the peculiar use for which the same shall be designated or used, or (3) upon such basis or bases and in such manner as is or may be provided by general law with respect to such kinds of property * *
The District .Court of Appeal concluded that the city was free to assess property at its fair market value or at a fair value for a particular use, in this case agricultural. The court thought the city had a “clear grant of power in its charter, as authorized, under Sec. 193.61, Florida Statutes, F.S.A.,” to act as it did. In that section is this significant language: “Nothing in this chapter [Chapter 193, dealing with tax assessments and tax sales] shall be so construed as in any way abridging or limiting powers to assess, levy or collect taxes * * * which have been or may be granted to any municipal corporation by special act or charter act, or as limiting such municipal corporation in the method of assessing, levying or collecting the same, to the methods established by this chapter.”
We think the District Court of Appeal reached a logical and sensible conclusion and we decline to .disturb it.
DREW, O’CONNELL and ERVIN, JJ., concur.
ROBERTS, J., dissents.