ERVIN, Chief Justice
(dissenting) :
I am unable to agree to the majority opinion. It appears to lay too much emphasis upon the mere fact that the administrative function of assessing Appellants’ city property has been transferred from the City Tax Assessor of Opa-Locka to the Dade County Tax Assessor as the predicate for deciding the basic issue concerning whether Appellants’ city property must be assessed exclusively as agricultural lands.
The pertinent part of Section 4.04 of the Dade County Home Rule Charter relied on by the majority to support the position that our holding in Adler-Built Industries, Inc. v. City of Opa-Locka, 196 So.2d 914, is no longer applicable, reads as follows:
“(A) Beginning with the tax year 1961, the county tax rolls prepared by the county shall be the only legal tax rolls in this county for the assessment and collection of county and municipal taxes. Thereafter no municipality shall have an assessor or prepare an ad valo-rem tax roll. Each municipality shall continue to have the right to adopt its own budget, fix its own millage, and levy its own taxes.”
A cursory reading of the language clearly indicates it has no modifying effect on Sections 69 and 72 of the Opa-Locka City Charter except to transfer the assessment duty of assessing property for city taxes to the Dade County Tax Assessor.
Departmentally, the Dade County Tax Assessor has recognized that his assessment of lands for municipal taxes in the City of Opa-Locka is to be made in accordance with the standards prescribed in Section 69 of the Charter of the City of Opa-Locka, and he has not mandatorily applied the agricultural land assessment method of Section 193.11(3), F.S., F.S.A., exclusively in assessing Appellants’ lands.
It has long been recognized judicially that legislative transfers of administrative functions (e. g., transfers of road building functions from county commissions to the State Road Department, and transfers of bond trustee duties of county commissions and special boards to the State Board of Administration; see State ex rel. Buford v. Fearnside, 87 Fla. 349, 100 So. 256, at 258; Amas (Carlton) v. Mathews, 99 Fla. 1, 126 So. 308, text 330; and State v. State Board of Administration, 157 Fla. 360, 25 So.2d 880, text 883) in nowise change basic laws prescribing standards and methods relating to the subjects involved.
*390 The majority opinion reads in part:
“Appellant submits that since § 4.04 H.R.C. eliminates Opa-locka’s power to assess and collect ad valorem taxes, it logically follows that the specialized assessment provisions available to the City solely by virtue of § 69 O.L.C. have been nullified. Appellant further submits that since nothing in its Home Rule Charter exempts the County from having to apply general State law regarding assessments, including Fla.Stat. § 193.11(3), assessment by the County of appellant’s land under a double standard is illegal. * * We think that appellant’s position is the correct one. * * * ”
I fail to follow the contention made by the majority that Home Rule Charter Section 4.04 changed the basic underlying charter provisions of the City relating to assessment of lands, i. e., Section 69.
Section 4.04 of the Dade County Home Rule Charter merely transfers the assessment function to the Dade County Tax Assessor, with the assessment of the City’s taxes to be included in the County roll, but changes in no way the City Charter provisions relating to methods of assessment which were recognized and confirmed by us in the Adler-Built Industries case.
Unless and until the Home Rule Charter is amended to supersede the basic provisions of Section 69 of the City of Opa-Locka Charter relating to the classification of property within the City for taxation purposes, the majority position has no statutory predicate. The mere “changing of the guard” from the City Tax Assessor to the County Tax Assessor to perform the administrative function of making the assessment did not have the secondary effect of modifying'Section 69 or lift the recognition thereof by Section 193.61(2), F.S., F.S. A.
There is no double standard involved. In Adler-Built Industries, Inc. v. City of Opa-Locka, supra, we quoted with approval not only the portion of Section 193.61(2) referring to tax assessment standards of cities which have been or may be granted by special act or charter act (which local standards have not been withdrawn or repealed), but also the concluding portion to the effect that nothing in Chapter 193 limits a municipal corporation in the method of assessing city taxes to any of the methods established by Chapter 193 (text 915).
Apparently the majority is holding that all cities in the state except those in Dade County, or perhaps except only the City of Opa-Locka, will be subject to the holding in the Adler-Built Industries case. It has been held over and over again by this Court that the Dade County Home Rule Charter and ordinances of the Dade County Commission do not supersede general laws of the state, including, of course, those relating to the assessment of city taxes. Certainly Section 4.04 of the Dade County Home Rule Charter does not operate to modify Section 193.61(2). The holding in Adler-Built Industries, Inc., supra, is still the law.
We said with approval in the Adler-Built Industries case, supra:
“The District Court of Appeal concluded that the city was free to assess property at its fair market value or at a fair value for a particular use, in this case agricultural. * * * ”
The 1885 Constitution and the 1968 Constitution do not mandatorily require either the Legislature to provide for the assessment of, or the county tax assessors to assess, lands used for agricultural purposes lying within cities exclusively as agricultural lands. See Sections 1 and 5 of Art. IX, 1885 Const., and Sec. 4(a) of Art. VII, 1968 Rev.Const.
The Legislature has the power under the Constitution to classify lands used for agricultural purposes lying within and without cities differently in respect to their tax assessment. Compare W. J. Howey Co. v. *391 Williams, 142 Fla. 415, 195 So. 181 (1940). Lands within cities are urban in character and potential and their present use for agricultural purposes would not appear to mandatorily require that they be treated for assessment purposes equally and identically as lands used for agricultural purposes in unincorporated areas. As urban properties because of their municipal location, they usually have use potentials quite different from rural farm lands. The general laws on the subject, read together (§§ 193.11(3) and 193.61(2), F.S., F.S.A.), recognize these differences, presumably because it is commonly understood that urban lands within cities ordinarily are not agricultural in their essential nature or potential, although they may be presently so devoted — usually so in order to gain a temporary tax advantage not enjoyed by most of the other lands within the city.
As was said long ago by a very cogent philosopher, “There is no greater injustice than treating unequal causes equally.” It is certainly unjust to discriminate between city property owners in the assessment of urban lands on the basis some are used for agricultural purposes while others are not, similarly as if such lands were unincorporated rural lands.
I would adhere to the underlying rationale in the Adler-Built Industries case that the Legislature is empowered under the Constitution to classify urban and rural lands used for agricultural purposes differently for tax assessment purposes and has done so in the cited provisions of Chapter 193; and that this is still so although the City Tax Assessor of Opa-Locka no longer makes the assessment.
To adopt the position of the majority that the existence of said Section 4.04 has any effect beyond a mere transfer of the assessment function from one officer to another does violence to the general laws of the state and creates confusion and doubts as to the criteria for assessing lands within all the cities of the state.