QUESTION: Does Art. VII, s. 9(b), State Const., permit ad valorem taxes levied by the Central and Southern Florida Flood Control District or the Southwest Florida Water Management District to be transferred to a new water management entity, namely the St. Johns Water Management District?
SUMMARY: The Central and Southern Florida Flood Control District (South Florida Water Management District) and the Southwest Florida Water Management District may, pursuant to Art. XII, s. 15, State Const., continue to levy ad valorem taxes in 1975 within their respective areas without a voter referendum. Property transferred out of these two districts by s. 373.069, F.S., into the St. Johns Water Management District on July 1, 1975, would be subject to ad valorem taxation by the district within whose jurisdiction it lay on January 1, 1975. Ad valorem taxes may be levied by the St. Johns Water Management District for 1975 only on the property within its jurisdiction on January 1, 1975, and only after a voter referendum as required by Art. VII, s. 9(b), State Const. Prior to the levy of ad valorem taxes in 1976 by the Central and Southern Florida Flood Control District (South Florida Water Management District) and the Southwest Florida Water Management District, s. 373.503(3), F.S., requires approval of the electors residing in the territory annexed into said districts on July 1, 1975. The Central and Southern Florida Flood Control District was initially created by Ch. 25270, 1949, Laws of Florida, and its governing board was authorized to levy ad valorem taxes on property within said district. The Southwest Florida Water Management District was initially created by Ch. 61-691, Laws of Florida, and its governing board was also authorized to levy ad valorem taxes on property within its boundaries. Neither district was required to hold a referendum election prior to the levy of ad valorem taxes, and Art. XII, s. 15, State Const., has permitted them to continue to levy ad valorem taxes without the millage having been "approved by vote of the electors" as would otherwise be required by Art. VII, s. 9(b), State Const. See AGO 069-71. The Florida Water Resources Act of 1972, Ch. 72-299, Laws of Florida, as amended, and now codified in Ch. 373, F.S., provides, inter alia, that on July 1, 1975: The name of the Central and Southern Florida Flood Control District shall be changed to the South Florida Water Management District, s.373.069(3); that it shall include the areas within the boundaries described in s. 373.069(3)(e); and that the Southwest Florida Water Management District shall include the areas within the boundaries described in s. 373.069(3)(d). To the extent that there is no conflict with Ch. 373, the provisions of Chs. 61-691 and 25270, supra, and the amendments thereto have not been repealed and, in fact, s. 6, Ch. 74- 114, Laws of Florida, directs the Statutory Revision and Indexing Service of the Joint Legislative Management Committee to compile those provisions and include them as Parts VII and VIII of Ch. 373 in the next official edition of the Florida Statutes. In addition, s. 373.503 provides in pertinent part: (2) The authority of the Central and Southern Florida Flood Control District and the Southwest Florida Water Management District to levy ad valorem taxes within the territories specified in Chapter 25270, Laws of Florida, 1949, and chapter 61-691, Laws of Florida, respectively, as heretofore amended, shall not be impaired by this chapter. . . . (Emphasis supplied.) Thus, the Central and Southern Florida Flood Control District (the name of which will change to the South Florida Water Management District on July 1, 1975) and the Southwest Florida Water Management District are not newly created by Ch. 72-299, supra, but are still in existence by virtue of the laws creating them in 1949 and 1961. However, the changes in the boundaries of said districts might be construed as creating a new entity without the authority, under Art. XII, s. 15, State Const., to levy ad valorem taxes without a voter referendum as required by Art. VII, s. 9(B), State Const. The question is currently in litigation in Southwest Florida Water Management District v. Hernando Co., Hernando Circuit Court Case No. 75-07-CA-01. As to those water management districts which are newly established by Ch. 72-299, supra, I have expressed the opinion in AGO 074-58 that they would be required to comply with the voter referendum requirement of Art. VII, s. 9(b) prior to the levy of ad valorem taxes. See also s. 373.503(3), F.S. To the extent that the provisions of s.373.069(3), F.S., may change the boundaries of the Central and Southern Florida Flood Control District (South Florida Water Management District) and the Southwest Florida Water Management District on July 1, 1975, such changes would have no effect on the levy of ad valorem taxes by said districts for 1975. See s.373.149, F.S. Section 192.042, F.S., provides that real and tangible personal property is to be assessed according to its just value as of January 1 of each year. Section 197.056, F.S., provides that all taxes levied pursuant to the Constitution and laws of Florida constitute a first lien on the property against which the taxes have been assessed from January 1 of the year the taxes were levied. A special district may levy ad valorem taxes only on the property which was within its jurisdiction on January 1. See AGO 071-255. Therefore, property which, on January 1, 1975, may be in the Central and Southern Florida Flood Control District or the Southwest Florida Water Management District would be subject to ad valorem taxes therein for 1975 even though it might be transferred to the St. Johns Water Management District on July 1, 1975. The St. Johns Water Management District would be able to levy ad valorem taxes in 1975 only upon that property which was within its jurisdiction on January 1, 1975, and, being a district created subsequent to the effective date of Art. VII, s. 9(b), State Const., may levy ad valorem taxes only after a voter referendum. Ad valorem taxes levied by a special district under authority of law for duly authorized district purposes generate revenues to be used by that district for the purposes of that district. See W.J. Howey Co. v. Williams, 195 So. 181 (Fla. 1940). Further, "taxes of one unit cannot be expended for the purposes of another unit." Prescott v. Board of Public Instruction,32 So.2d 731, 733 (Fla. 1947). See also Okaloosa County Water and Sewer District v. Hilburn, 160 So.2d 43, 45 (Fla. 1964). Therefore, the Legislature could not provide for funds collected by one special district by its ad valorem tax levy to be transferred to another special district. With regard to whether a special district can levy ad valorem taxes on property which is brought into its jurisdiction subsequent to its creation, the law in Florida appears to permit it to do so. State v. Jensen Road and Bridge District, 198 So. 105 (Fla. 1940); see also State v. City of Miami, 137 So. 261 (Fla. 1931), Knowlton v. City of St. Petersburg, 150 So. 269 (Fla. 1933), State v. City of West Palm Beach, 174 So. 334 (Fla. 1937), and Fahs v. Kilgore, 187 So. 170
(Fla. 1939). Again, I express no opinion on the question of whether the changes in the boundaries of the Central and Southern Florida Flood Control District and the Southwest Florida Water Management District in law or in fact operate to remove them from the "grandfather" provision of Art. XII, s. 15, State Const. Nonetheless, s. 373.503(3), F.S., now provides: (3) Unless otherwise provided by general or special law, the districts created by this chapter or those territories annexed into the existing districts reconstituted under this chapter may, upon approval of the electors residing in the annexed territory pursuant to s. 9(b), Art. VII of the state constitution, levy ad valorem taxes in the manner prescribed by ss. 378.19-378.32. (Emphasis supplied.) Thus, prior to the levy of ad valorem taxes in 1976 by the Central and Southern Florida Flood Control District (South Florida Water Management District) and the Southwest Florida Water Management District, approval of the electors residing in the annexed territory is required by statute. In addition, ad valorem taxes levied by a special district must be uniform throughout the district. Art. VII, s. 2, State Const.; W.J. Howey Co. v. Williams, supra.