CARLTON, Justice.
This interlocutory appeal is taken from the following self-explanatory Order issued in this cause by Circuit Court, Dade County:
“ORDER OF DISMISSAL
“THIS CAUSE came on to be heard upon Defendant’s and intervenor’s joint motion to dismiss Plaintiff’s amended complaint.
“Plaintiffs challenged the 1967 assessment by the Metropolitan Dade County Tax Assessor of lands lying with the City of Opa-locka, Dade County, Florida. In Counts I and II, plaintiffs alleged and defendants admitted that the County Tax Assessor prepared the 1967 assessment roll and applied the county tax levy based on the agricultural use of the land in accordance with Florida Statute 193.11(3); however, the same County Tax Assessor assessed the lands without regard to agricultural use for city tax purposes in accordance with the decision of the Supreme Court in the case of Adler Built Industries, Inc., vs. The City of Opa-locka, 196 So.2d 914 (Fla.1967). Thereafter, Metropolitan Dade County Tax Assessor prepared two tax notices for plaintiff’s land, one based upon the agricultural use assessment for county tax purposes and the other for city tax purposes without considering the agricultural use. Plaintiffs contended that these practices of the tax assessor of preparing and delivering two separate tax notices and in applying the municipal levy against a valuation different from that used for county purposes are illegal and invalid and without authority under the Charter of Metropolitan Dade County and the Constitution and laws of the State of Florida, notwithstanding the Charter of the City of Opa-locka.
“Plaintiffs further allege and defendants admit that the defendant’s actions are based upon their interpretation of Section 69 of the Charter of the City of Opa-locka and Florida Statute 193.61 and the Adler Built case, (supra). This led plaintiffs to complain that the charter provision and Florida Statute 193.61 is contrary to Art. IX, Sec. 5 of the Florida Constitution in that it creates more than one principle of taxation with regard to the assessment of real properties devoted to bona fide agricultural uses lying within the jurisdiction limits of the City of Opa-locka, Florida. Defendants have moved to dismiss the amended complaint as to Counts I and II.
“Argument of counsel having been heard and plaintiffs having refused to further amend their complaint, it is accordingly,
“ORDERED AND ADJUDGED that defendants’ and intervenor’s joint motion to dismiss Count I and II be, and the same is hereby granted in accordance with the motions to dismiss and the said counts are dismissed with prejudice. The Court further finds:
“(a) That all parties have admitted that the same lands involved in the Adler Built, case (supra) are involved in the above styled cause.
*386 “(b) The practice of the Dade County Tax Assessor in placing two assessments upon plaintiffs’ property is legal and not in violation of the Charter of Metropolitan Dade County.
“(c) The Legislature of the State of Florida has given the City of Opa-locka a substantive right in Section 69 of the Charter of the City of Opa-locka, C. 29347, Special Acts of Florida, 1953, which empowers the city commission to adopt a reasonable classification of property for taxation purposes and to prescribe that ‘property of a peculiar nature or designated or used for a special purpose, may be assessed * * * either: (1) at its fair market value * * * ’ without regard to Fla.Stat. 193.11(3).
“(d) Section 69 of the Charter of the City of Opa-locka is constitutional as it is not in conflict with Fla. Constitution Article IX, Section 5.
“(e) Fla.Stat. 193.61 is constitutional as it does not violate Article IX, Sec. 5, of the Florida Constitution; Fla.Stat. 193.61 does not create more than one principle of taxation covering the assessment of real properties devoted to bona fide agricultural uses lying within the jurisdictional limits of the City of Opa-locka, Florida.
“IT IS FURTHER ORDERED AND ADJUDGED that proceedings on Counts III and IV of plaintiff’s amended complaint be, and the same are, hereby abated pending resolution at the appellate level of Counts I and II pursuant to stipulation of the parties.
“DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 23 day of January, 1968.”
The paramount issue in this appeal is whether or not § 69 of the Opa-locka Charter has survived the transfer of all tax assessment and collections powers from Opa-locka to the Metropolitan government as required by § 4.04 of the Home Rule Charter. The Opa-locka Charter in its entirety appears in Ch. 29347, Laws of Fla. (1953). Hereafter, we will abbreviate the Opa-locka Charter citation as “O.L.C.” and the Dade Home Rule Charter citation as “H.R.C.”
Two Opa-locka Charter provisions are pertinent here.
Section 69 O.L.C., entitled “Assessment Role”, includes the following:
“The commission may adopt reasonable classifications of property for taxation purposes, and prescribe that property of power lines, light lines, gas lines, water systems and other utilities and property of a peculiar nature or designed or used for a special purpose, may be assessed for taxation either:
(1) at its fair market value, or
(2) at its fair value for the peculiar use for which the same shall be designed or used, or
(3) upon such basis or bases and in such manner as is or may be provided by general law with respect to such kinds of property; provided in any event that the rates and bases of assessment shall be equal and uniform for each class of property, and that the rate of taxation and millage shall be the same throughout the city.”
Section 72 O.L.C., entitled “Taxes — State Laws to Apply”, is as follows:
“The general laws of the State of Florida upon the subject of taxation shall apply to and govern in the assessment, levy and collection of taxes in the City of Opa-locka and in the return and sale of property delinquent therefor; and shall also apply and govern in respect to the powers, *387 duties and liabilities of persons and property touching and concerning such taxes, and shall have full force and effect in said city as far as same may be applicable, except as herein otherwise provided.” (Emphasis supplied.)
In the Adler Built case cited as controlling by the Circuit Court in its Order of Dismissal, this Court approved a District Court holding that the “except as herein otherwise provided” language contained in § 72 O.L.C. referred to the assessment alternatives listed in § 69 O.L.C., and that, therefore, agricultural land within Opa-locka’s city limits did not have to be assessed as agricultural in spite of Fla.Stat. § 193.11(3), F.S.A., the agricultural land assessment statute. Since much of the property involved in the instant case was previously involved in similar litigation in Adler Built, the Circuit Judge felt that that case controlled here.
However, the instant case differs from Adler Built in one very important aspect. While § 4.04 H.R.C., entitled “Assessment and Collection of Taxes”, was generally in effect in Dade County when the 1965 dual assessment was challenged in Adler Built, it did not then apply to Opa-locka. § 9.03 (D) H.R.C. permitted municipalities to forestall the § 4.04 H.R.C. transfer of taxing powers until 1966 at the latest by petition alleging hardship. Opa-locka availed itself of this delaying provision until its expiration. Thus the application of § 4.04 H.R.C. was neither raised nor considered when this Court approved the City’s 1965 assessment.
In pertinent part, § 4.04 H.R.C. provides:
“(A) Beginning with the tax year 1961, the county tax rolls prepared by the county shall be the only legal tax rolls in this county for the assessment and collection of county and municipal taxes. Thereafter no municipality shall have an assessor or prepare an ad valorem tax roll. Each municipality shall continue to have the right to adopt its own budget, fix its own millage, and levy its own taxes.”
In the instant case, § 4.04 H.R.C. was in effect and the 1967 assessment complained of here was strictly a Metropolitan government activity. Appellant’s complaint is with how that activity has been carried out. The Metro assessor in 1967 assessed appellant’s property as agricultural under Fla. Stat. 193.11(3), F.S.A., for county tax purposes, but then assessed the same lands as nonagricultural in accordance with the assessment standard last utilized by the City of Opa-locka when § 69 O.L.C. permitted assessment by the City.
Appellant submits that since § 4.04 H.R.C. eliminates Opa-locka’s power to assess and collect ad valorem taxes, it logically follows that the specialized assessment provisions available to the City solely by virtue of § 69 O.L.C. have been nullified. Appellant further submits that since nothing in its Home Rule Charter exempts the County from having to apply general State law regarding assessments, including Fla.Stat. § 193.11(3), F.S.A., assessment by the County of appellant’s land under a double standard is illegal.
In rebuttal, the City contends that § 69 O.L.C. provided the City with a substantive right of choice regarding assessment standards which was not nullified by “a mere relocation of tax offices under § 4.04 H.R.C.”
We think that ■ appellant’s position is the correct one. Fla.Stat. § 193.11(3), F.S.A., requires that “All lands being used for agricultural purposes shall be assessed as agricultural lands * * However, Fla.Stat. § 193.61, F.S.A., provides that nothing in Fla.Stat. Ch. 193 should be construed as in any way limiting or abridging powers to assess or collect taxes which may have been granted to a municipality by either special or charter act. Since §§ 69 and 72 O.L.C. provided alternatives to assessment under Fla.Stat. § 193.11(3), F.S.A., we approved in Adler Built the assessment by the City of certain lands within its boundaries at fair market value rather than at agricultural value.
*388 But the assessment complained of in the instant case was not made by the municipality under §§ 69 and 72 O.L.C. The assessments were made by the County pursuant to the investiture of all assessment powers in the County under § 4.04 H.R.C. This investiture was absolute: “Thereafter no municipality shall have an assessor or prepare an ad valorem tax role.” § 4.04 H.R.C. reserved to each municipality only “[T]he right to adopt its own budget, fix its own millage, and levy its own taxes.” Municipal assessment and collection rights and responsibilities were abolished, subject only to the delaying provision contained in § 9.03(D) H.R.C. When the delaying provision expired in 1966, the operation of § 4.04 removed Opa-locka from under the protective umbrella of Fla.Stat. § 193.61, F.S.A., and thus the logic applied in Adler Built no longer controls.
County assessment and collection activities must comply with general State law unless some specific exemption therefrom applies. Dade County is included under this general rule. Art. VIII, § 11(9) (Fla.Const.188S) states: “[Gjeneral laws * * * shall be the supreme law in Dade County, Florida, except as expressly provided herein and this section shall be strictly construed to maintain such supremacy of this Constitution * * * in the enactment of general laws pursuant to this Constitution.” Art. VIII, § 11(1) (d) authorized any proposed Home Rule Charter to set out, “[A] method by which any and all of the functions or powers of any municipal corporation or other governmental unit * * * may be transferred to the Board of County Commissioners of Dade County.” Art. VIII § 11(1) (b) established that any proposed charter could “[Gjrant full power and authority to the Board of County Commissioners of Dade County * * * to levy and collect such taxes as may be authorized by general law and no other taxes.”
Pursuant to the authority contained in the above cited constitutional grants and limitations, the Home Rule Charter included § 4.04’s absolute and unfettered delegation of all assessment and tax collection powers to the County government. When this delegation was approved by the electorate of the County, it thereby superseded the assessment and taxing provisions granted to the various Dade municipalities by the Legislature under Art. IX § 5 (Fla.Const. 1885). Since this supersedure did not provide for preservation of municipal charter variations which were exceptions to general law, we must hold that such variations were nullified along with all other municipal charter provisions relating directly to municipal assessment and tax collection.
Furthermore, we think that conflict would arise between the position urged by appel-lees and the duty of the County to conduct assessments in accordance with general law, including Fla.Stat. § 193.11(3), F.S.A., in the absence of stated exceptions. Section 8.04 H.R.C. resolves this conflict: “This charter and ordinances adopted hereunder shall in cases of conflict supersede all municipal charters and ordinances, except as herein provided, and where authorized by the Constitution, shall in cases of conflict supersede all special and general laws of the State.”
In addition, we are persuaded by appellants’ argument that § 4.04 H.R.C. was drafted to accomplish a two-fold purpose which would be defeated if appellees should prevail here. First, § 4.04 was intended to be an economy measure which would eliminate duplication of assessment efforts expended on the same property by two separate units of government. Second, it was intended as a measure to eliminate the evil of differing assessments on that same property. Appellants’ complaint filed in Circuit Court indicates that the total valuation on the County tax notice was $34,110 whereas the valuation of the same property on the municipal tax notice was $654,530. The variation between the two assessments amounts to $620,420.
*389 The first regular session of the 1969 Legislature enacted Ch. 69-54, which provided that the several county assessors shall assess all property for all municipalities located within their respective counties at just value beginning no later than 1970. The Act further provides that all municipal charter provisions to the contrary are abolished. While this enactment is not applicable to the instant case since the assessments complained of occurred in 1967, we refer to it as an example of what we consider to have been the intent behind § 4.04 H.R.C.
For the foregoing reasons, which were not operative at the time when Adler Built was decided, we hereby reverse the Circuit Judge’s Order of Dismissal as to Counts I and II of appellants’ amended complaint. We are satisfied, however, that § 69 O.L.C. is constitutional (although superseded) and that Fla.Stat. § 193.61, F.S.A., is also constitutional (although not applicable here).
This case is reversed in part, affirmed in part, and remanded to the Circuit Court for further disposition not inconsistent with this opinion.
It is so ordered.
ROBERTS and THORNAL, JJ., and CREWS, Circuit Judge, concur.
ERVIN, C. J., dissents with opinion.