CARLTON, Justice:
The City of Belle Glade has lodged a direct interlocutory appeal' from an Order of the Circuit Court, Palm Beach County, upholding the constitutionality of Chapter 69-54, Laws of Florida (1969). Orders of this nature are reviewable by this Court by virtue of Article V, Section 4(2), Florida Constitution, F.S.A. We affirm the Order appealed.
In essence, Chapter 69-54 provides for the assessment and collection of all ad valorem taxes levied by municipalities to be assessed by the county tax assessor and collected by the county tax collector of the county in which the municipalities are located. Section 13 of the Chapter provides:
“Section 13. The governing body of the county, or other concerned county officials shall negotiate a contract with each municipality within the county to compensate the offices of the county tax assessor and county tax collector for the value of the service performed under this act.”
In 1969, appellees (Mr. McGehee, as Tax Collector of Palm Beach County; Mr. Reid, as Tax Assessor) notified the affected municipalities in their county by letter of the requirements of Chapter 69-54. Included with these letters were contracts to be executed by each municipality, which provided for a fee of one percent (1%) *427 of all taxes collected to be paid to appel-lees as recompense for their services. These contracts were not acceptable to the municipalities; moreover, the municipalities and appellees were unable to agree upon any system of compensation.
Consequently, appellees initiated a declaratory judgment action for determination of their rights.[1] In their complaint, appellees did not merely ask for a construction of the Chapter; rather, they prayed that the Circuit Court enter a decree declaring Chapter 69-54 unconstitutional because: (1) the Chapter contained no directives or guidelines as to the fees due under Section 13; (2) the Chapter generally was an invalid delegation of power to county officials and municipalities. Appellees did ask for the court to set their fees, but this was proposed as alternative relief. In filing their answers to the complaint, the municipalities also alleged the unconstitutionality of the Chapter as an affirmative defense.
Ultimately, the Honorable Robert S. Hewitt, Circuit Judge, entered an Order’ denying the prayers in the pleadings of all parties regarding the constitutionality of the Chapter; further, the Order retained jurisdiction so that evidence could be presented regarding the compensation of appellees. The following extract from the Order summarizes its contents:
“The Court is of the view that the Legislature has properly and sufficiently determined the compensation to be paid the assessor and collector by basing it upon the value of services performed. Upon the failure of the parties to negotiate the compensation for the value of services performed, it is appropriate that the Court determine the compensation upon proper evidence. Upon a consideration of the law, argument of counsel and this file, the Court is of the view that the parties 'have failed to establish that the act of the Legislature is so vague and indefinite as to render it unconstitutional or that it is an improper delegation of legislative authority.”
Turning to Chapter 69-54, we find nothing constitutionally offensive in it. Under Section 13, the offices of the county tax assessor and the county tax collector are to be compensated for their increased workload through contracts to be negotiated with each municipality. The compensation is to be “for the value of the service performed.” We interpret this to mean the value of the services rendered in executing assessment and collection functions for municipalities above and beyond the costs and expenses already incurred in executing assessment and collection functions for the county. To illustrate, consider this simple example: If a county now spends “x” amount of dollars to assess and collect the county taxes, but has to increase its expenditures by “y” amount of dollars to meet its obligations under Chapter 69-54, then the value of the service for which a contract for compensation should be negotiated is “y” amount of dollars. Precise determination of the elements composing fhe increase in expenditure (such as higher administrative costs, additional staffing, overtime and the like), and the extent to which the county offices are to be compensated for these and related considerations, are matters to be weighed in the negotiations provided for under the Chapter. The wisdom of this approach is readily seen when one considers that the increase in expenditure will likely vary from municipality to municipality, depending upon the size and nature of each municipality. Other portions of Chapter 69-54 complained about by the appellant City also appear to lend themselves to reasonable interpretation.
*428 One final point remains to be made. It has been suggested that the transfer of functions from municipal offices to county offices violates Article II, Section 5(a), Florida Constitution (1968), which reads in part: “No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, * * We find no problem with duality of offices here. Chapter 69-54 divests municipalities of functions formerly exercised by them under law and transfers these functions by law to the counties. Simply put, municipal functions no longer include tax assessments and tax collection save where specifically reserved under the Chapter; these are now county functions. See also Buckress Land Co. v. Metropolitan Dade County, 232 So.2d 384 (Fla.1970).
The appellant having failed to demonstrate that Chapter 69-54, Laws of Florida (1969) is constitutionally invalid, the judgment directly appealed from is affirmed.
It is so ordered.
ROBERTS, C. J., and ERVIN and DREW (Retired), JJ., and HODGES, Circuit Judge, concur.

. The following municipalities were joined as defendants: City of West Palm Beach; City of Belle Glade; City of Boynton Beach; Town of Gulfstream; Jupiter Inlet Colony; Town of Lake Clarke Shores; Town of Lake Park; City of Pahokee; City of Riviera Beach; City of South Bay; and Village of Tequesta.