A. H. PERRY, *Appellant, v.* TOWN OF PANAMA CITY, A MUNICIPAL CORPORATION, *Appellee.*

Opinion Filed March 27, 1914.

1. Where a municipality is duly authorized to exercise a particular municipal function and the manner of the exercise of

the authority is not defined by statute but is left to the City Council, the courts will not undertake to control the manner of the exercise of the authority by the City Council where no applicable rule of law is violated, and the authority given is not exceeded or abused.

2.   Municipal bonds can lawfully be issued only for municipal purposes; and when a proposed issue of bonds appears to be for a "municipal purpose," the statute does not require the proceedings taken by the municipality or by the proper electorate preliminary to the issue of the bonds, to designate the particular municipal purpose for which they are intended to be used.

Appealed from Circuit Court for Bay County; D. J. Jones, Judge.

Decree affirmed.

*Wells & Sapp*, for Appellant;

*Blount & Blount & Carter*, for Appellee.

WHITFIELD, J.—The appellant, a resident of the State of Georgia, brought suit to enjoin the issue and sale of bonds by the town on the ground that "no particular or specific municipal purpose was designated or mentioned in the ordinance providing for the issuance of said bonds, or in any proceedings relating thereto, and the only designation or specification of the purposes for which said bonds were to be issued found in any of said proceedings is that the bonds were to be issued 'for municipal purposes.'" The bill of complaint was dismissed on demurrer, and an appeal taken.

Sections 1061 and 1062, General Statutes of 1906, are as follows: "Power to issue bonds  — — The City or

Town Council shall have power, with the approval of two-thirds of the registered voters of the city having the qualifications specified in the preceding section, and actually voting, to issue bonds, bearing such rates of interest as may be deemed best by the council, not exceeding the legal rate of interest in this State, whenever it may be necessary for the purpose of building or repairing the public works of the city, the widening and extension of streets or parks, payment of existing indebtedness of the city, or any other municipal purpose.

Issuance of bonds to be submitted to election.—Before any such bonds are issued, the question of issuing them, as well as the amount to be issued, shall be submitted to the electors of the city having the qualifications specified in said section, in such manner and after such public notice as may be deemed necessary by the City Council; and should two-thirds of the votes actually cast by said electors be in favor of issuing bonds and the amount proposed to be issued, in that event it shall be lawful for them to be issued, otherwise not."

These statutes authorize the issuance of municipal bonds "necessary for the purpose of building or repairing the public works of the city, the widening and extension of streets or parks, payment of existing indebtedness of the city, or any other municipal purpose;" and provide that the question of issuing such bonds, as well as the amount to be issued, shall be submitted to the proper electors "in such manner and after such public notice as may be deemed necessary by the City Council." There is no statutory requirement that the particular or specific municipal purpose for which the proceeds of the bonds are to be used, shall be designated or mentioned in the ordinance providing for the issuance of said bonds, or in any proceedings relating thereto. The forms and proceedings

to be observed in the submission of the question of issuing the bonds to the electors are to be "in such manner and after such public notice as may be deemed necessary by the City Council." Municipal bonds can lawfully be issued only for municipal purposes; and when a proposed issue of bonds appears to be for a "municipal purpose," the statute does not require the proceedings taken by the municipality or by the proper electorate preliminary to the issue of the bonds, to designate the particular municipal purpose for which they are intended to be used. It does not appear that the City Council by any appropriate action taken required the particular municipal purpose for which the bonds are to be used to be stated in any of the proceedings taken by the city or the electors.

Where a municipality is duly authorized to exercise a particular municipal function and the manner of the exercise of the authority is not defined by statute but is left to the City Council, the courts will not undertake to control the manner of the exercise of the authority by the City Council where no applicable rule of law is violated, and the authority given is not exceeded or abused    It clearly appears in the proceedings taken by the town and its electors on the subject, that the bonds approved by the town and its electors are to be issued for "municipal purposes."

The transcript discloses nothing to warrant the court in holding that the mere absence of any particular designation in the proceedings for issuing the bonds, of the specific municipal purpose for which the bonds are to be issued, is an excess or abuse of the authority conferred, or that it is a violation of any applicable provision or principle of law.   Should an attempt be made to use the bonds

or their proceeds for any other than an appropriate municipal purpose, any interested party has a remedy.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.