MANATEE COUNTY, etc., v. STATE; TERRA CEIA SPECIAL ROAD AND BRIDGE DISTRICT, Manatee County, *et al.,* v. STATE; MYAKKA SPECIAL ROAD AND BRIDGE DISTRICT, Manatee County, *et al.,* v. STATE; PARRISH SPECIAL ROAD AND BRIDGE DISTRICT, Manatee County, *et al.,* v. STATE; GULF SHORE SPECIAL ROAD AND BRIDGE DISTRICT, Manatee County, *et al.,* v. STATE; MANATEE ONECO SPECIAL ROAD AND BRIDGE DISTRICT, Manatee County, *et al.,* v. STATE; PALMETTO SPECIAL ROAD AND BRIDGE DISTRICT, Manatee County, *et al.,* v. STATE.

190 So. 687
Seven Suits
Opinion Filed July 28, 1939

*G. B. Knowles* and *Robert J. Pleus,* for Appellants;

*Roy D. Stubbs,* for Appellee;

*J. Ben Fuqua, Singletary & Cornwall* and *John B. Sutton,* for Intervenors.

Terrell, C. J.—In February, 1939, the Board of County Commissioners of Manatee County filed its petition in the circuit court under Chapter 15772, Acts of 1931, to validate $2,516,000 of county refunding bonds to discharge or take the place of its outstanding county road and bridge bonded indebtedness. The State and certain of its taxpayers filed answers to the petition challenging the validity of the proposed refunding bonds. On the issues so made, evidence was taken and on final hearing the chancellor denied validation and dismissed the petition. The county appealed from that decree.

Six other cases of similar import were brought by certain special road and bridge districts in Manatee County as noted in the caption. The pleadings, evidence and issues raised are identical with those raised in the case of the county first described. All seven cases were by order of this Court combined, and will be treated as one case in this opinion.

On January 16, 1939, a few days prior to the adoption of said bond refunding resolution, the Board of County Commissioners entered into contract with R. E. Crummer

& Co., whereby the latter was designated as fiscal agent of the county with exclusive power to act for it in all matters connected with or relating to the exchange of the refunding bonds for the original outstanding securities and for other purposes not essential to relate.

On the same date that said contract between the Board of County Commissioners and R. E. Crummer & Company was executed, a similar contract between the Board of Public Instruction of Manatee County and R. E. Crummer & Company was executed, whereby the First National Bank of Bradenton was designated as escrow agent for the purpose of receiving certain coupons attached to the refunding bonds and paying the proceeds of them out as designated. The latter contract further provided that the sum of $20,000 per annum derived from one set of coupons attached to the county and special road and district refunding bonds referred to herein should be paid to the Board of Public Instruction of Manatee County and by it used to pay the interest and sinking fund account of its refunding bonds approved by this Court in State v. Board of Public Instruction of Manatee County, a companion case to this and filed this date. These two contracts were introduced in evidence at the final hearing and were the basis on which validation was denied and the petition dismissed. ·

Out of this factual background, counsel are at variance on the point as to what question they have brought up for our determination. As is often the case this variance arises from a hyper-refinement of secondary issues which frequently precipitates a tendency to obscure the primary issue in the case. Somewhere between the right and left position taken by counsel lies justice, the main concern of courts, which must often be gleaned from a welter of controversy and sometimes confusion. If they fail in this the very purpose of their creation is defeated, and the law

is prostituted. It is ultimately through justice administered that the institutions of a democracy abide.

The question with which we are confronted may be stated as follows; did the contracts between the Board of County Commissioners and the Board of Public Instruction of Manatee County and R. E. Crummer & Company, particularly the provisions of said contracts designating R. E. Crummer & Company as the fiscal agents of said Boards and providing that the sum of $20,000 annually from the proceeds of one set of coupons attached to the refunding bonds (the resolution providing for them requiring the refunding bonds to carry two sets of coupons) be paid to the board of public instruction to liquidate the principal and interest of its outstanding indebtedness, violate Chapter 15772, Acts of 1931, thus vitiating the refunding bonds.

Appellants contend that the Crummer contracts are foreign to and have no place in this case, and should not have been considered in connection with it. As to the two sets of coupons and all other objections raised to the refunding bonds, appellants say that these go to mere matters of form which under the terms of Chapter 15772, Acts of 1931, were vested solely in the discretion of the issuing authority, and that they in no wise affect the validity of the refunding bonds. In fine, appellants contend that all the objections raised are collateral matters that should not be allowed in this case. They rely on City of Fort Myers v. State, 95 Fla. 704; 117 So. 97, West v. Town of Lake Placid, 97 Fla. 127, 120 So. 361; State v. Citrus County, 114 Fla. 326, 154 So. 234; State v. Sarasota County, 118 Fla. 629, 159 So. 797, and Volusia County v. State, 98 Fla. 1166; 125 So. 375 to support this contention.

We do not think Chapter 15772, Acts of 1931, admits of this interpretation. Its purpose was to enable overburdened, debt-ridden political entities to refinance and

spread their obligations over a period of years at a lower rate of interest if possible. It is limited in its scope to the retirement of outstanding bonds and we find no authority expressed or implied for one taxing district to invade the province of another, and in any wise assume or become responsible for the payment of its obligations. Neither do we find authority for designing and turning this power over to a fiscal agent for that purpose in the manner proposed.

The law governing the powers and duties of county commissioners and board of public instruction is as distinct as the law governing municipal corporations and corporations for profit. The two boards operate in separate and distinct fields. County commissioners have general power to issue bonds for certain purposes, but boards of public instruction have no such power. County commissioners may impose taxes for stated purposes, but boards of public instruction have not such power, the resources of each board derives from entirely different sources and both are limited in different ways. If the board of county commissioners can do what it proposes to do for the board of public instruction in this case, then the county can do likewise for the municipality and vice versa, and there will be no end to the manner in which taxing district funds may be juggled and manipulated.

In this holding, we do not overlook the provision of Chapter 15772, Acts of 1931, relied on by appellants to support its contention that the form and denomination of the refunding bonds is one vested entirely in its discretion and by the terms of the Act cannot be inquired into. This contention is all very true so long as the form is within the terms and scope of the Act, but any taxpayer has a right to question the form and purpose for which the refunding bonds are to be appropriated and in doing this,

any evidence pertaining to their appropriation may be availed of. In this case the Crummer contracts and the resolution of the county commissioners including other proceedings relative to the refunding bonds were so closely related in point of time and the former had such a direct bearing on the latter that they may be considered as part of the same transaction. This being our view, it was proper for the chancellor to consider every element of the transaction in making up his decision.

Chapter 15772, Acts of 1931, is not a delegation of power to taxing districts such as is comprehended in the federal Constitution to the federal government, but it is rather a limitation of powers, rigidly analyzed, and in so far as the subject treated is attempted to be complied with, it must be followed strictly. It does nothing more than authorize taxing districts to extend their present indebtedness. It does not authorize them to become responsible for the indebtedness of other taxing districts. If it can be departed from in the manner proposed in this case it would be difficult to place limits on its non-observance and the acts that may be accomplished in its name.

The cases relied on by appellant have been examined, but they do not mitigate against this view. They deal with materially different factual situations and there was a complete absence of showing in any of them of any attempt to proceed beyond the power delegated.

In this case the chancellor found that the resolution of the board of county commissioners, the resolution of the board of public instruction and the contracts between both boards and R. E. Crummer Company were so intermingled and blended and related to each other that they revealed a concerted plan to refund the indebtedness of both boards with funds of the board of county commissioners in clear violation of Chapter 15772, Acts of 1931.

His judgment finds ample support in the record. It is accordingly free from error and is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.