STATE, Appellant, v. SOUTH LAKE COUNTY SPECIAL ROAD AND BRIDGE DISTRICT, Lake County, et al., (No. 6870), Appellees; STATE, Appellant, v. EAST LAKE COUNTY SPECIAL ROAD AND BRIDGE DISTRICT, Lake County, et al., (No. 6871), Appellees; STATE, Appellant, v. SPECIAL ROAD AND BRIDGE DISTRICT No. 8, Lake County, et al., (No. 6872), Appellees; STATE, Appellant, v. COUNTY OF LAKE (No. 6873), Appellee; STATE, Appellant, v. SPECIAL ROAD AND BRIDGE DISTRICT No. 14, Lake County, et al. (No. 6874), Appellees; STATE, Appellant, v. COUNTY OF LAKE, et al. (No. 6875), Appellee; STATE, Appellant, v. LEESBURG SPECIAL ROAD AND BRIDGE DISTRICT, Lake County, et al. (No. 6876), Appellees; STATE, Appellant, v. SPECIAL ROAD AND BRIDGE DISTRICT No. 7, Lake County, et al. (No. 6877), Appellees; STATE, Appellant, v. SPECIAL ROAD AND BRIDGE DISTRICT No. 9, Lake

County, *et al.* (No. 6878), Appellees; STATE, Appellant, v. SPECIAL ROAD AND BRIDGE DISTRICT No. 10, Lake County, *et al.* (No. 6879), Appellees; STATE, Appellant, v. LADY LAKE SPECIAL ROAD AND BRIDGE DISTRICT, Lake County, *et al.* (No. 6880), Appellees; STATE, Appellant, v. SPECIAL ROAD AND BRIDGE DISTRICT No. 3, Lake County, *et al.* (No. 6881), Appellees; STATE, Appellant, v. SPECIAL TAX SCHOOL DISTRICT No. 24, Lake County, *et al.* (No. 6884), Appellee; STATE, Appellant, v. EUSTIS SPECIAL TAX SCHOOL DISTRICT No. 10, Lake County, *et al.* (No. 6885), Appellees; STATE, Appellant, v. SPECIAL TAX SCHOOL DISTRICT No. 5, *et al.* (No. 6886), Appellees; STATE, Appellant, v. MOUNT DORA SPECIAL TAX SCHOOL DISTRICT No. 16, Lake County, *et al.* (No. 6887), Appellees; STATE, Appellant, v. CLERMONT-MINEOLA SPECIAL TAX SCHOOL DISTRICT No. 31, Lake County, *et al.* (No. 6888), Appellees; STATE, Appellant, v. LEESBURG SPECIAL TAX SCHOOL DISTRICT No. 21, Lake County, *et al.* (No. 6889), Appellees; STATE, Appellant, v. SPECIAL TAX SCHOOL DISTRICT No. 6, Lake County, *et al.* (No. 6890), Appellees; STATE, Appellant, v. SPECIAL TAX SCHOOL DISTRICT No. 25, Lake County, *et al.*, (No. 6891), Appellees; STATE, Appellant, v. TAVARES SPECIAL TAX SCHOOL DISTRICT No. 18, Lake County, *et al.* (No. 6892), Appellees; STATE, Appellant, v. SPECIAL TAX SCHOOL DISTRICT No. 26, Lake County, *et al.* (No. 6893), Appellees; STATE, Appellant, v. GROVELAND SPECIAL TAX SCHOOL DISTRICT No. 36, Lake County, *et al.* (No. 6894), Appellees.

198 So. 832

En Banc

Opinion Filed December 3, 1940

212

*J. W. Hunter,* for Appellant;

*T. G. Futch* and *Harry P. Johnson,* for Appellees.

TERRELL, C. J.—In September, 1940, the Board of County Commissioners of Lake County filed its petition in the circuit court to validate refunding bonds bearing interest at 4 per cent for the purpose of recalling and discharging original bonds bearing a higher rate of interest. There were twelve of these suits styled and numbered as follows: The State of Florida v. The County of Lake, etc., No. 6875; The State of Florida v. The County of Lake, etc., No. 6873; The State of Florida vs. Leesburg Special Road & Bridge District in Lake County, Florida, *et al.,* No. 6876; The State of Florida v. South Lake County Special Road & Bridge District in Lake County, Florida, *et al.,* No. 6870; The State of Florida v. Special Road & Bridge District No. 3 in Lake County, Florida, *et al.,* No. 6881; The State of Florida v. East Lake County Special Road & Bridge District in Lake County, Florida, *et al.,* No. 6871; The State of Florida v. Special Road & Bridge District No. 7 in Lake County, Florida, *et al.,* No. 6877; The State of Florida v. Special Road & Bridge District No. 8 in Lake County, Florida, *et al.,* No. 6872; The State of Florida v. Special Road & Bridge District No. 9, in Lake County, Florida, *et al.,* No. 6878; The State of Florida v. Special Road & Bridge District No. 10 in Lake County, *et al.,* No. 6879; The State of Florida v. Special Road & Bridge District No. 14 in Lake County, Florida, *et al.,* No. 6874; The State of Florida v. Lady Lake Special Road & Bridge District in Lake County, Florida, *et al.,* No. 6880.

On the same date the Board of Public Instruction of Lake County filed its petition in the Circuit Court to validate

refunding bonds bearing interest at 4 per cent for the purpose of calling and discharging original bonds bearing a higher rate of interest. There were eleven of these cases styled and numbered as follows:

The State of Florida v. Special Tax School District No. 5 in Lake County, Florida, *et al.*, No. 6886; The State of Florida v. Special Tax School District No. 6 in Lake County, Florida, *et al.*, No. 6890; The State of Florida v. Eustis Special Tax School District No. 10 in Lake County, Florida, *et al.*, No. 6885; The State of Florida v. Mount Dora Special Tax School District No. 16 in Lake County, Florida, *et al.*, No. 6887; The State of Florida v. Tavares Special Tax School District No. 18 in Lake County, Florida, *et al.*, No. 6892; The State of Florida v. Leesburg Special Tax School District No. 21 in Lake County, Florida, *et al.*, No. 6889; The State of Florida v. Special Tax School District No. 24 in Lake County, Florida, *et al.*, No. 6884; The State of Florida v. Special Tax School District No. 25 in Lake County, Florida, *et al.*, No. 6891; The State of Florida v. Special Tax School District No. 26 in Lake County, Florida, *et al.*, No. 6893; The State of Florida v. Clermont-Minneola Special Tax School District No. 31 in Lake County, Florida, *et al.*, No. 6888; The State of Florida v. Groveland Special Tax School District No. 36 in Lake County, Florida, *et al.*, No. 6894.

The resolution passed by the board of county commissioners and the board of public instruction was identical in each case. The required notice to taxpayers and citizens was published, answer was filed by the State attorney, and on final hearing the chancellor entered his decree validating the refunding bonds. An appeal in each case was taken to this Court, all of which were by stipulation and motion consolidated here and will be disposed of in one opinion, the questions being the same in all cases.

Questions one, two and three challenge the application of Section 7, Article X of the Constitution (Homestead Amendment), Chapter 17060, Acts of 1935, Chapter 17401, Acts of 1935, and other Acts of the Legislature to the proposed refunding bonds.

As to question one affecting the Homestead Amendment, we have answered that so often contrary to the contention of appellant "that further comment on it would seem to be useless." Manatee County v. State, 139 Fla. 530, 190 So. 687. Many other cases support this finding. In answer to question two, it is sufficient to say that Chapter 17060, Acts of 1935, only goes to the method of exemption under the Homestead Amendment. It has no application to the exemption of homesteads in a situation like this. The cases supporting our answer to the first question are conclusive of the second question. The third question is answered contrary to the contention of appellant in State v. City of Pensacola, 123 Fla. 331, 166 So. 851, and State v. City of Orlando, 126 Fla. 251, 170 So. 887.

The fourth question challenges the jurisdiction of the Circuit Court of Lake County over the parties and the subject matter of the various taxing units involved in this litigation.

The petitions to validate in each of the twenty-three cases have been examined and found to comply with all legal requirements contemplated by Section 6, Article IX, of the Constitution and Chapter 15772, Acts of 1931, authorizing the refunding bonds. The record in each case shows that the petitions were regularly filed, that the required notice was given, that they were each regularly submitted to a duly constituted judge of the Fifth Judicial Circuit and that everything else required prerequisite to the issuance of the bonds was regularly done; in fact we can find nothing that

was not done to give the Court jurisdiction of the parties and the subject matter.

The fifth question admits that certain of the original bonds being refunded were regularly validated but says that they were not valid because of the Acts authorizing them in that there was no limitation on the amount of the bonds or the tax to support them. We have examined the cases relied on to support this contention but they are not in point. Neither do the facts in these cases bring them within the rule laid down by the cases cited. In fact, we think this question was concluded by Taylor v. Williams, 142 Fla. 402, 195 So. 175, where the validity of the bonds was approved.

The sixth question challenges the validity of the refunding bonds as to each special road and bridge district because they overlap or are overlapped by one or more other taxing districts.

This question was before us in Howey v. Williams, 142 Fla. 415, 195 So. 181, and we there held that unless shown to violate some provisions of organic law the matter of creating overlapping taxing districts for the purpose of making public improvements was one of legislative discretion that the courts would not control. The districts brought in question appear to have been regularly created so we find no merit to this question.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.