SUWANNEE COUNTY, FLORIDA, v. STATE OF FLORIDA
2 So. (2nd) 850
En Banc
Opinion Filed June 13, 1941

*Alfred T. Airth,* for Appellant;

*A. K. Black, O. O. Edwards* and *Wm. Randall Slaughter,* for Appellee.

THOMAS, J.—The appellant appealed from a decree

of the circuit judge denying a petition to validate cer-
tain proposed refunding bonds.

The facts on which the decree was based appear in
the stipulation signed by the respective parties: There
are outstanding Suwannee River Scenic Highway
Bonds of the total principal amount of $568,000, dated
June 1, 1926, and maturing $160,000 on July 1 of each
of the years 1941, 1946, 1951 and $88,000 July 1, 1956.
All of these bonds are noncallable and there is at
present no default in the payment of principal or in-
terest. The county has, in the hands of the board of
administration, approximately $248,000 in the interest
and sinking fund, the proceeds of gas tax funds raised
and distributed under Chapter 15659 of the Acts of
1931 (extra session) and none of the interest and sink-
ing fund has been raised by an ad valorem tax on
property in the county. It is contemplated that under
existing law the interest and sinking fund will be en-
hanced in an appreciable amount each year for the
next few years.

In anticipation, however, of a possible decrease in
expected revenues available for the interest and sink-
ing fund the board of county commissioners decided
that it would be wise to refund the installment of prin-
cipal falling due July 1, 1941, in the sum of $160,000
by issuing noncallable bonds in that amount bearing
interest at the rate of four per cent per annum, payable
July 1, 1961. The resolution providing for the new
bonds was adopted by the board of county commis-
sioners March 18, 1941, or approximately three and
one-half months prior to the maturity date of that
part of the original bonds. The chancellor concluded
that "Good business policy demands the payment of
bonds as they become due, if funds are available with

which to pay them," and that "to validate the proposed refunding bonds would sanction an abuse of discretion of the board of county commissioners."

It is true that Chapter 15772 of the Laws of Florida, Acts of 1931, Ex. Sess., authorizes the refunding of bonds whether matured or not, but we think that it would give the Act a strained construction, not intended by the Legislature, if we held in the circumstances such as we have related that new bonds could be substituted for old ones. The principal amount of the debt is not enlarged but it is inescapable that the amount of debt reflected in the interest coupons would materially increase the financial burden on the taxpayers because in the course of twenty years the interest, even at the reduced rate of four per cent, would amount to $128,000 and this debt would have to be met because the proposed new bonds are *non*callable.

Even though it may appear on cursory examination that the county commissioners were acting within the letter of the law in adopting the resolution providing for the proposed bond issue, nevertheless, we think it is contrary to the spirit of the Act and violative of the purpose for which it was intended to extend that part of the debt falling due July 1, 1941, by incurring an obligation for a fixed interest rate of four per cent, extending over a period of twenty years, on the eve of maturity of the installment when there is money in the interest and sinking fund for the very purpose of paying the bonds as they fall due and there is no default in the payment of either the principal or the interest of the entire original obligation. In such a situation the money usable only for the discharge of the principal and interest of the bonds should be used to pay principal to become due July first of the current

480

year, thereby reducing the amount of the debt and obviating the corresponding interest burden (Motes v. Putnam County, 143 Fla. 134, 196 So. 465).

We think that the chancellor was eminently correct in his conviction that if he signed the decree validating the bonds it would amount to placing his stamp of approval on an Act of the board of county commissioners which was equivalent to an abuse of discretion. In the absence of election and giving due consideration to the organic law (Section 6, Article IX) and the obvious purpose of the statute the authority of the board of county commissioners to issue the bonds was so questionable that validation of them was properly withheld. Manatee County v. State, 139 Fla. 530, 190 So. 687.

Having arrived at this view it is unnecessary to discuss any other phases of the case.

The decree is affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and ADAMS, concur.