**STATE OF FLORIDA v. CITY OF MIAMI BEACH, a Municipal Corporation.**

16 So. (2nd) 344                    January Term, 1944
January 25, 1944                    Special Division A

*Stanley Milledge,* for appellant.
*Ben Shepard,* for appellee.

BUFORD, C. J.:

On this appeal it is contended that reversible error occurred in proceedings seeking to validate a refunding bond issue in that the Court struck that part of respondent's answer wherein it was alleged:

"IV.  Respondent is without knowledge as to whether the Bonds sought to be validated are designed for the purpose of refunding certain other outstanding bonds of the City of Miami Beach, as set forth in said petition, and therefore, demands strict proof thereof."

"V.  The authority granted by the Legislature of Florida under the General Refunding Act in Chapter 15,772, General Laws of Florida 1931, is not applicable to the facts alleged in said petition."  and also in striking paragraph VI of the answer wherein it was alleged and argued that the recital in the authorizing resolution No. 5686, viz:

"That it would be a hardship and a burden upon the taxpayers of the City of Miami Beach to levy taxes sufficient to provide for the payment of the bonds referred to in the preceding clauses at their respective maturities, and that it is for the best interests of the City and its inhabitants to extend the time of payment of said bonds by refunding.", was without substantial foundation in fact.

By the allegation of paragraph VI of the answer the pleader merely set up his conclusions as to the wisdom and expedience of the proposed refund as against the conclusion reached by the issuing authority and declared by the resolution, supra.  The allegations of the stricken portions of the answer were insufficient to show an abuse of discretion by the

issuing authority. See State v. City of Miami, 116 Fla. 517, 157 So. 13; Perry v. Town of Panama City, 67 Fla. 285, 65 So. 6; Scott v. State, 43 Fla. 396, 31 So. 244; McConville v. Ft. Pierce Bank & Trust Co., 101 Fla. 727, 135 So. 392; State v. City of Venice, 147 Fla. 70 (text 77), 2 So. (2nd) 365.

The cases of Manatee County v. State, 139 Fla. 530, 190 So. 687, and Suwannee County v. State, 147 Fla. 477, 2 So. (2nd) 850, are to be clearly differentiated from this case and are not in point.

Decree is affirmed.

So ordered.

CHAPMAN, THOMAS and ADAMS, JJ., concur.