647 So.2d 835 (1994)
CHARTER REVIEW COMMISSION OF ORANGE COUNTY, Petitioner,
v.
Ernie SCOTT, et al., Respondents.
No. 83010.
Supreme Court of Florida.
December 22, 1994.
Mel R. Martinez of Martinez & Dalton, P.A., Robert W. Thielhelm, Jr. of Baker & Hostetler, Kevin W. Shaughnessy of Akerman, Senterfitt & Eidson, P.A., and A. Bryant Applegate, Asst. County Atty., Orange County, Orlando, for petitioner.
Debra Steinberg Nelson of Debra Steinberg Nelson, P.A., Alton G. Pitts of Alton G. Pitts, P.A., J.J. Dahl, Staff Atty., Orlando, and Phillip P. Quaschnick of Powers, Quaschnick, Tischler & Evans, Tallahassee, for respondents.
Robert A. Ginsburg, Dade County Atty. and Michael S. Davis, Asst. County Atty., Miami, amicus curiae for Metropolitan Dade County.
SHAW, Justice.
We have for review the following certified question of great public importance:

*836 Whether ballot questions containing county charter revisions proposed by a charter review commission are subject to a single subject rule?
Charter Review Commission of Orange County v. Scott, 627 So.2d 520, 524 (Fla. 5th DCA 1993). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative under the circumstances of this case and quash the decision of the district court.
The voters of Orange County on November 4, 1986, approved a charter form of county government pursuant to article VIII, section 1(c), Florida Constitution. Section 702 of the charter required the Orange County Board of County Commissioners (the Board) to appoint a number of private citizens to serve as the Charter Review Commission (the Commission) to propose changes to the charter. Pursuant to this provision, a Commission was appointed, conducted numerous public hearings, and on July 30, 1992, issued a final report recommending changes to the charter to be proposed to the public through six ballot questions, including the following:
QUESTION # 1
CREATE CITIZEN REVIEW BOARD; CHANGE SHERIFF, PROPERTY APPRAISER AND TAX COLLECTOR TO ELECTED CHARTER OFFICES
Shall the Orange County Charter be revised to: (a) create a Citizen Review Board with subpoena power that would review and make recommendations regarding citizen complaints and departmental investigations of the use of force or abuse of power by employees of the Sheriff; and (b) make the Orange County Sheriff, Property Appraiser and Tax Collector elected charter officers subject to Charter provisions and abolish their current status as "constitutional officers"?
____ YES
____ NO
The sheriff, property appraiser, tax collector, and others (the respondents) filed suit challenging the constitutionality of Question # 1. The trial court, after holding a hearing and entertaining argument, found the question invalid and ordered it stricken from the ballot. The Board filed notice of appeal, which operated as an automatic stay of the trial court's order pursuant to Florida Rule of Appellate Procedure 9.310(b)(2). The election was held and the proposition approved. The district court subsequently affirmed the trial court's finding of invalidity, concluding that the question violated the single-subject rule, and certified the above question.
The respondents contend that the district court opinion should be approved. The single-subject rule is well-established in Florida law, they argue, and must be applied to ballot questions proposing changes to county charters. We disagree.
The Florida Constitution and Florida Statutes impose a single-subject requirement in various situations. For instance, article III of the constitution contains a single-subject requirement for laws passed by the legislature,[1] and article XI imposes a single-subject requirement for constitutional amendments proposed by initiative petition.[2] Section 125.67, Florida Statutes (1991), applies the single-subject rule to county ordinances,[3] and section 166.041(2) places a single-subject requirement on municipal ordinances.[4] Neither *837 the constitution nor Florida Statutes applies the rule to proposed amendments to county charters.
As pointed out by the district court below, this Court has on occasion in some of our older cases applied a general single-subject requirement to ballot questions in the absence of constitutional or statutory authority. See State v. Dade County, 39 So.2d 807 (Fla. 1949) (general single-subject rule applied to ballot question concerning bond issue by county); Antuono v. City of Tampa, 87 Fla. 82, 99 So. 324 (1924) (general single-subject rule applied to ballot question concerning bond issue by city). Even so, we have never applied the rule to proposed revisions to county charters.
Our state constitution revision process offers guidance in the present case. There are four ways that changes to our constitution may be proposed: through the legislature; through the Constitution Revision Commission; through a petition initiative; and through a Constitutional Convention. Art. XI, Fla. Const. Only proposals originating through a petition initiative are subject to the single-subject rule. Id.
The process for revising the Orange County Charter is analogous to the Constitution Revision Commission process for amending our state constitution. Under article XI, Florida Constitution, a thirty-seven member Constitution Revision Commission is required to convene, adopt rules of procedure, examine the constitution, hold public hearings, and prepare a report on proposed revisions. The report is published to the electorate prior to election. No single-subject requirement is imposed because this process embodies adequate safeguards to protect against logrolling and deception. See Fine v. Firestone, 448 So.2d 984 (Fla. 1984).
Similarly, under the Orange County Charter, the Review Commission is required to convene and conduct a "comprehensive study of any and/or all phases of County government." The Commission, which consists of eleven to fifteen private citizens appointed by the Board, must create offices and elect officers, must hold no less than four public hearings, and must submit to the electorate prior to election a report of proposed amendments or revisions. No single-subject requirement is imposed under the charter.
Thus, as with our state Constitution Revision Commission process, the Orange County Charter Review Commission process embodies a number of procedural safeguards that reduce the danger of logrolling and diminish the possibility of deception. At the same time, the Charter Review Commission process enables Orange County to avoid piecemeal changes to its organic law  an option essential to the proper and orderly function of government. See generally Art. XI, Fla. Const. We decline to impose a single-subject requirement on this process.
We find no merit to respondents' further claim that the ballot question fails to adequately advise voters of the proposal's purpose. Section 101.161, Florida Statutes (1991), provides in part:
101.161 Referenda; ballots. 
(1) Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot after the list of candidates, followed by the word "yes" and also by the word "no," and shall be styled in such a manner that a "yes" vote will indicate approval of the proposal and a "no" vote will indicate rejection.... The substance of the amendment or other public measure shall be an explanatory state-ment, not exceeding 75 words in length, of the chief purpose of the measure. The ballot title shall consist of a caption, not exceeding 15 words in length, by which the measure is commonly referred to or spoken of.
The title and text of Question # 1 as set forth above are straightforward and clear and sufficiently apprise the voters of Orange County of the substance of the proposed revision to their charter as depicted in the present record.
*838 Based on the foregoing, we answer the certified question in the negative and quash the decision of the district court.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Article III, section 6, Florida Constitution, provides in part:

SECTION 6. Laws.  Every law shall embrace but one subject and matter properly connected therewith....
[2] Article XI, section 3, Florida Constitution, provides in part:

SECTION 3. Initiative.  The power to propose the revision or amendment of any portion or portions of this constitution by initiative is reserved to the people, provided that, any such revision or amendment shall embrace but one subject and matter directly connected there-with.
[3] Section 125.67, Florida Statutes (1991), provides in relevant part:

125.67 Limitation on subject and matter embraced in ordinances; amendments; enacting clause.  Every ordinance shall embrace but one subject and matter properly connected therewith... .
[4] Section 166.041(2), Florida Statutes (1991), provides in relevant part:

Each ordinance or resolution shall be introduced in writing and shall embrace but one subject and matters properly connected therewith.