Mr. James G. Sisco St. Johns County Attorney Post Office Box 1533 St. Augustine, Florida 32085-1533
Dear Mr. Sisco:
On behalf of the Chairman of the Board of County Commissioners of St. Johns County, you have asked for my opinion on substantially the following question:
May a board of county commissioners place a proposition on the ballot for the referendum proposing a county home rule charter when the language of the proposition may only become effective if the county home rule charter fails?
In sum:
The Board of County Commissioners of St. Johns County may place two or more propositions on the ballot for a referendum proposing a county home rule charter provided each proposal is complete within itself and is stated separately and distinctly in such a form that the voters will have an opportunity to vote either for or against each separate proposal.
St. Johns County is a noncharter county. In July 1996, the Board of County Commissioners of St. Johns County, Florida, appointed by resolution a charter commission pursuant to section 125.61, Florida Statutes. The charter commission is in the process of holding the public hearings required by the statute and is expected to submit its proposed charter to the board of county commissioners in January 1998. Once the charter commission submits the proposed charter to the board of county commissioners, the board is required by section 125.64(1), Florida Statutes, to call a special election on the adoption of the proposed charter.
St. Johns County currently has a seven member board of county commissioners: five members are elected only by electors from their individual districts and the two remaining members of the commission are elected by all electors within the county at large. Pursuant to an election in 1994, the St. Johns County Board of County Commissioners will become a five member board in 1998 with all commissioners being elected at large.
Several members of the county commission wish to place a question on the ballot for charter approval which would avoid implementation of the five member-at-large scheme and would continue the seven member composition of the board in the event that the charter is rejected. The proposed charter contains a provision requiring the board of county commissioners to be composed of five members elected by all the electors within the county at large. Your letter suggests that, in all probability, this provision in the proposed charter will not be changed during the public hearing process.
You ask whether the ballot for approval of the county charter may also be used to present the question relating to the composition of the county commission. The proposition to maintain a seven member board would only become effective if approved by the electorate and if the charter is not adopted. Thus, if the referendum on the proposed charter is approved, the proposition regarding the county commission would not be implemented.[1]
Section 124.011, Florida Statutes, provides a procedural mechanism for the election of county commissioners to provide for single-member representation. The statute allows the board of county commissioners to adopt a formal resolution placing such a proposition on the ballot or the electors of the county may petition to have such a proposition placed on the ballot.[2] Any county which adopts a proposition providing single-member representation "may thereafter return to the procedures otherwise provided by law by following the same procedure" outlined in the statute.[3] However, this section specifically provides that "[n]o special election may be called for the sole purpose of presenting the proposition to the vote of the electors."[4] Thus, a referendum on the composition of the board of county commissioners cannot be held independently but must be included on a ballot with other issues.
Section 125.01, Florida Statutes, authorizes noncharter counties to exercise certain home rule powers, including the power to
"[p]lace questions or propositions on the ballot at any primary election, general election, or otherwise called special election, when agreed to by a majority vote of the total membership of the legislative and governing body, so as to obtain an expression of elector sentiment with respect to matters of substantial concern within the county."[5]
Thus, the county commission is authorized to place questions on the ballot and to call special elections when a majority of the commission's membership agree to such an election.
Part II, of Chapter 125, Florida Statutes, contains the provisions of general law to be utilized by any noncharter county for local initiation and adoption of a county home rule charter. Section125.60, Florida Statutes, states that
"[a]ny county not having a chartered form of consolidated government may, pursuant to the provisions of ss. 125.60-125.64, locally initiate and adopt by a majority vote of the qualified electors of the county a county home rule charter."
This is the statutory procedure being followed in St. Johns County.[6]
Section 125.64, Florida Statutes, provides in part:
"(1) Upon submission to the board of county commissioners of a charter by the charter commission, the board of county commissioners shall call a special election to be held not more than 90 nor less than 45 days subsequent to its receipt of the proposed charter, at which special election a referendum of the qualified electors within the county shall be held to determine whether the proposed charter shall be adopted. . . .
(2) If a majority of those voting on the question favor the adoption of the new charter, it shall become effective January 1 of the succeeding year or at such other time as the charter shall provide. Such charter, once adopted by the electors, may be amended only by the electors of the county. The charter shall provide a method for submitting future charter revisions and amendments to the electors of the county.
(3) If a majority of the voters disapprove the proposed charter, no new referendum may be held during the next 2 years following the date of such disapproval."
Nothing in this statute or elsewhere in Part II, Chapter 125, Florida Statutes, prohibits the placement of other issues on the ballot with the proposed charter.
Moreover, this office has concluded on a number of occasions that special elections may be held in conjunction with regular county primary and general elections where there is discretion granted by law as to the date that the special election is to be held and where there is no express prohibition against holding it on the same day as a regular election.[7]
This office has also determined that alternative proposals, each complete within itself, may be submitted to the electorate in a home rule charter referendum.[8] This conclusion relies on opinions of the Florida Supreme Court such as State v.Armstrong,[9] in which the Court approved the submission in a referendum election of two separate legislative charter acts, each providing a complete form of government for the City of Pensacola. The Court in Armstrong noted that "[e]ach of the charters proposed was a complete law within itself, and, . . . would only become operative when a majority of those voting in an election had voted to change the form of government, and when such majority had thereupon voted to adopt the provisions of one or the other of such charters."[10]
In State v. Dade County,[11] the Florida Supreme Court approved the submission at an election of a single proposition for issuance of bridge bonds for the purpose of constructing five separate bridges where the bridges were part of a single comprehensive plan of bridge and road construction throughout the county.
Issuance of the bonds was challenged on the basis that the freeholders of the county should have been given an opportunity to vote on each item separately, on the theory that each proposition was separate and distinct. In approving the wording of the ballot, the Court commented:
"It is established law that if there are two or more separate and distinct propositions to be voted on, each proposition should be stated separately and distinctly so that a voter may declare his opinion as to each matter separately, since several projects can be united in one submission to the voters so as to call for an affirmative or a negative vote upon all the projects. Elections, generally, are invalid where held under such restrictions as to prevent the voter from casting his individual and intelligent vote upon the object or objects sought to be obtained."[12]
In this particular case, the Court determined that the five bridges in question were for a single purpose and properly submitted to the voters as such. However, the Court recognized the viability of a ballot containing a number of separate and distinct propositions when each issue is clearly framed and the voter has an opportunity to express approval or disapproval of each issue independently.[13]
A question has been raised regarding an earlier opinion of this office, Attorney General Opinion 85-63, concluding that alternative procedures for the election of county commissioners may not be placed on the same ballot. The opinion relied on the language of section 124.011, Florida Statutes (1984 Supplement), which set forth an "[a]lternate procedure for the election of county commissioners to provide for single-member representation." The options presented by the statute were for the election of five single-member representatives for the county commission or an increase from five members to seven members with five being single-member representatives and two being at-large representatives. The conclusion of the opinion that alternative propositions may not be presented on the same ballot is based on the numerous references in that statute to "a proposition," "the proposition," and "such proposition," all of which are singular references. The language of section 124.011, Florida Statutes, currently reflects these same options and is discussed generally above.
In the instant inquiry, the county has a seven member board with five single-member representatives. The composition of the current board is the result of a 1990 election utilizing the provisions of section 124.011(3), Florida Statutes. The proposal under consideration is dependent on the language of subsection (10) of the statute which provides that "[a]ny county adopting one of the propositions set forth in this section may thereafter return to the procedures otherwise provided by law by following the same procedure outlined in subsection (3)." Unlike the two specific options set forth in subsection (3), however, no language is prescribed by the statute for the procedure returning the board to its seven member composition. The rationale for the conclusion in Attorney General Opinion 85-63 is therefore not applicable to the situation in St. Johns County as the statute does not specifically describe how the ballot question must be framed.
Finally, I would note that this issue has apparently been cast as a vote on alternative propositions. Rather than making the voter choose between two opposing measures, I would suggest that the ballot language is rather a vote initially for or against the proposed county charter and, dependent on the outcome of that vote, a vote for or against a proposal on the composition of the county commission. These are not alternative propositions so much as separate issues which have some relation to one another because a provision in the proposed charter establishes the composition of the board for purposes of the charter.
In sum, it is my opinion that the Board of County Commissioners of St. Johns County may place two or more propositions on the referendum ballot proposing a county home rule charter provided that each proposal is complete within itself and is stated separately and distinctly in such a form that the voters will have an opportunity to vote either for or against each separate proposal. However, because this issue involves particularly difficult or momentous questions of law, the county may wish to consider submitting this question to the courts for definitive judicial resolution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] While this office will not pass on the validity of the particular language of a ballot question, I would note that your letter indicates that the proposed ballot language reads as follows:
"SHOULD THE COUNTY COMMISSION REMAIN A SEVEN MEMBER BOARD WITH TWO MEMBERS ELECTED AT LARGE.
If the County Charter does not pass, should the Board of County Commissioners of St. Johns County continue as a seven member board, with five of the seven members being elected from single-member districts by electors residing in each of those districts only, and with the two remaining members being elected by all electors within the county at large, instead of returning to a 5 member board elected county wide as currently required?
_______ Yes
_______ No"
[2] Section 124.011(3)(a) and (b), Fla. Stat.
[3] Section 124.011(10), Fla. Stat.
[4] Section 124.011(8), Fla. Stat.
[5] Section 125.01(1)(y), Fla. Stat.
[6] See also, Part IV, Ch. 125, Fla. Stat., for the "Optional County Charter Law" which provides a supplemental and alternative method for adoption of a county charter.
[7] See, Op. Att'y Gen. Fla. 56-235 (1956), concluding that a board of county commissioners had the authority to hold a special referendum election for the purpose of approving or ratifying a racing permit in conjunction with the regular general election; Op. Att'y Gen. Fla. 71-109 (1971).
[8] See, Op. Att'y Gen. Fla. 71-109 (1971).
[9] 137 So. 140 (Fla. 1931).
[10] Id. at 146. And see, Op. Att'y Gen. Fla. 62-54 (1962), noting that two constitutional amendments, each concerned with the same subject matter, may be submitted for approval or rejection at the same general election.
[11] 39 So.2d 807 (Fla. 1949).
[12] Id. at 808.
[13] And see, Charter Review Commission of Orange County v.Scott, 647 So.2d 835 (Fla. 1994), using the State Constitution revision process for guidance in analyzing the county charter adoption process under Part II, Chapter 125, Fla. Stat., and determining that the single-subject rule does not apply to ballot questions containing county charter revisions proposed by charter review commissions.