LaROSE, Judge.
 

 Julia K. Zumpf appeals a final foreclosure judgment entered in favor of Countrywide Home Loans, Inc. She argues that the trial court denied her procedural due process in entering the final judgment and in awarding attorney’s fees to Countryside. We affirm.
 

 This case has a long but easily summarized history. In September 1996, Ms. Zumpf executed a note and mortgage in favor of Countrywide. About two years later, she stopped making her payments. Countrywide started foreclosure proceedings in March 1999. Over the next several years, the trial court ordered foreclosure sales; each was cancelled because of Ms. Zumpfs repeated federal bankruptcy filings.
 
 See
 
 11 U.S.C.A. § 362 (2000). Finally, in 2006, after the bankruptcy court lifted its then-pending stay, the trial court granted Ms. Zumpfs motion to set aside an amended foreclosure judgment due to interest and fee miscalculations. The trial court directed Countrywide to file a new motion for final summary judgment with updated amounts due from Ms. Zumpf.
 

 In 2009, after settlement efforts failed, Countrywide filed what it called a motion for final judgment, with supporting affidavits. It scheduled a hearing and sent exhibit and witness lists to Ms. Zumpf, who was representing herself. Obviously, Countrywide anticipated an evidentiary hearing. Ms. Zumpf filed a written objection to the motion. She also appeared at the hearing and insisted that Countrywide had to file a new summary judgment motion. She wanted the trial court to dismiss Countrywide’s motion. The trial court proceeded with the hearing.
 

 Countrywide’s witness testified as to the amount of Ms. Zumpfs debt and the amount of attorney’s fees incurred by
 
 *766
 
 Countryside. Ms. Zumpf cross-examined the witness. Ms. Zumpf offered no testimony, witnesses, or other evidence, although she had an opportunity to do so. She continued to argue that the lack of a summary judgment motion barred entry of a final judgment against her. The trial court tried to explain that Countrywide could obtain a final judgment after an evi-dentiary hearing. The trial court entered a final judgment of foreclosure in the amount of $168,173.20, of which $26,252.50 was for attorney’s fees.
 

 Ms. Zumpf moved for reconsideration and rehearing. She again argued that Countrywide’s notice of hearing did not comply with the trial court’s earlier order setting aside the original judgment and directing Countrywide to file a new motion for final summary judgment. And, for the first time, she contended that Countrywide did not properly notice the case as ready for trial. The trial court denied her motions. Ms. Zumpf again filed for federal bankruptcy protection. Ultimately, the bankruptcy court lifted its automatic stay in mid-2009, and this appeal proceeded.
 

 On appeal, Ms. Zumpf argues that the trial court erred in entering final judgment in favor of Countrywide after an evidentia-ry hearing without complying with Florida Rule of Civil Procedure 1.440, requiring that a case be set for trial. She also argues for the first time that the trial court erred in failing to comply with a local administrative order requiring a foreclosure judgment packet prior to hearing.
 
 See
 
 Mortgage Foreclosure Actions by Institutional Lenders, Admin. Order No. 2008-081. Although she did not raise it at the final hearing, she also argues that attorney’s fees could not be awarded without holding a separate evidentiary hearing.
 

 Generally, in a foreclosure action, unpaid principal and interest are “liquidated damages,” and a defaulting party is not entitled to notice of hearing determining those amounts where the exact sums are set forth.
 
 Asian Imports, Inc. v. Pepe,
 
 633 So.2d 551, 552 (Fla. 1st DCA 1994). “Reasonable attorney’s fees” generally are not liquidated damages and require a hearing.
 
 Id.
 
 Absent an evidentiary hearing, the fee award will be reversed for a hearing unless there is an indication that the right to a hearing was waived.
 
 Guyton v. Leonard Dewey Wilkinson Action Welding Supply, Inc.,
 
 707 So.2d 885, 886 (Fla. 1st DCA 1998).
 

 The hearing on Countrywide’s motion for final judgment was not conducted in a manner typically associated with a trial or other dispositive evidentiary proceeding. Although it tried, the trial court did not fully explain to Ms. Zumpf the procedure it was using to address Countrywide’s motion and only made a limited attempt to explain legal distinctions to her. We must note, however, that Ms. Zumpf maintained a resolute but incorrect position that Countrywide had to file a summary judgment motion. Although the procedure may have been irregular, we find no merit to Ms. Zumpfs argument that she was denied due process.
 
 See Charter Review Comm’n of Orange County v. Scott,
 
 627 So.2d 520, 522 (Fla. 5th DCA 1993) (holding no fundamental or prejudicial due process error occurred under rule 1.440 where notice and hearing resolved purely legal issues after hearing arguments of the parties; any rule 1.440 error was waived by lack of objection and the issue could not be raised for the first time on appeal),
 
 quashed on other grounds,
 
 647 So.2d 835 (Fla.1994).
 

 Our review of the record shows that Ms. Zumpf was aware that a hearing would occur and had received a witness and exhibit list. She participated in the final hearing before the trial court and did not invoke rule 1.440. Similarly, she does not
 
 *767
 
 demonstrate how she was unduly prejudiced by the lack of a foreclosure judgment packet. And, of course, Ms. Zumpf did not raise this issue or the rule 1.440 and fee issues until after the hearing. She failed to preserve the issues.
 
 See Scott,
 
 627 So.2d at 522; see
 
 also Inman v. Club on Sailboat Key, Inc.,
 
 342 So.2d 1069, 1070 (Fla. 3d DCA 1977). Finally, Ms. Zumpf offered no factual issues for resolution by the trial court.
 

 Affirmed.
 

 MORRIS, J., and RAIDEN, MICHAEL E., Associate Judge, Concur.